In the Matter of JACK WILDER, Appellant-Respondent, against STRAUS-DUPARQUET, INC., Respondent-Appellant.

First Department, December 17, 1957.

*Martin Horwitz* for appellant-respondent.

*Haliburton Fales, II*, of counsel (*Joseph Hinsey, IV*, with him on the brief; *White & Case*, attorneys), for respondent-appellant.

*Per Curiam.* In an article 78 (Civ. Prac. Act) proceeding, brought by a stockholder to compel the production and inspection of corporate books, a substantial issue has been raised with respect to the good faith of the stockholder in making the demand and in bringing this proceeding. Consequently, Special Term was correct in denying the petition at this time and in directing a trial of the issue, pursuant to the provisions of section 1295 of the Civil Practice Act. The court, however, also directed a reference before a private referee, without consent of the parties, and this direction requires further consideration.

The court clearly has power to direct a reference (Civ. Prac. Act, §§ 1295, 466, 467). And this may be done, even in the absence of consent by the parties, if no trial by jury be demanded under the provisions of the statute (Civ. Prac. Act, §§ 1295, 466). The limitation contained in the statute (§ 467) with respect to issues raised by the pleadings would seem to be related only to references to determine as distinguished from references to report. In any event, to that extent, section 1295, despite the concluding provision of its first paragraph, would seem to override section 467. This is so, because any issues requiring trial under section 1295 are, perforce, raised by the " pleadings ", that is, by the petition and answering papers in an article 78 proceeding, which, we agree, constitute the equivalent of pleadings. The authority in section 1295 to direct references would be meaningless if it did not include issues raised by the " pleadings ".

But the existence of power in the court is not dispositive of the question. There is still a question, whether in the exercise of discretion, in the absence of consent by the parties, a reference should have been directed. We think not. While the issue raised in this case may not be too summarily determined, there is no justification in protracting the proceedings as is likely to occur on a reference, nor in imposing the attendant expense on the parties. The court is eminently capable of determining the

issue expeditiously, and without extraordinary impingement on the regular business of the court. Moreover, it is the general policy of the courts in this department not to extend the scope or occasion of references, in the absence of request or consent of the parties, or of special circumstances meriting such action.

The record does not show that leave was obtained to appeal from this intermediate order, as required by section 1304 of the Civil Practice Act; but respondent never moved to dismiss the appeal nor did he raise the question on the appeal. Hence we must assume that the appeal is validly before us.

Accordingly, the order directing a trial of the issue of good faith before a private referee should be modified, in the discretion of the court, to eliminate the reference, and should be otherwise affirmed, with the costs of this appeal to abide the event. Settle order on notice.

BREITEL, J. P., BOTEIN, VALENTE, BERGAN and BASTOW, JJ., concur.

Order directing a trial of the issue of good faith before a private referee is modified, in the discretion of the court, to eliminate the reference, and otherwise affirmed, with costs of this appeal to abide the event. Settle order on notice.