■ ALAN GALLANT, Appellant, v JOAN GALLANT, Respondent. [602 NYS2d 599] —Order, Supreme Court, New York County (Martin B. Stecher, J.), entered February 5, 1993, which, *inter alia,* granted plaintiff's motion for a modification of the divorce judgment to the extent of ordering a reference on certain issues pertaining to the status of the former marital residence, unanimously modified on the law and the facts and in the exercise of discretion to the extent of remanding

the matter for an immediate trial before the IAS Court on the framed issues and, except as thus modified, affirmed without costs or disbursements.

The IAS Court properly ordered a hearing because the question as to whether the defendant mother still resides in the Manhattan apartment is a "sharply controverted" issue of fact that could not have been resolved on the papers *(Belle v Chromalloy Am. Corp.,* 51 AD2d 933). Should it be determined that defendant and the children have effectively abandoned the residence for its intended use under the divorce judgment, the court can determine whether to accelerate the sale of the apartment and what share of the proceeds should be provided to plaintiff *(see, Hillmann v Hillmann,* 109 AD2d 777, 778). In light of plaintiff's medical condition and impecunious state, however, the issue should be expeditiously disposed of by the court itself, rather than by a reference with its attendant delay.

We have examined plaintiff's remaining contention and find it to be without merit. Concur—Sullivan, J. P., Carro, Ellerin and Rubin, JJ.