■ In the Matter of THE PEOPLE OF THE STATE OF NEW YORK, by Dennis Vacco, as Attorney-General of the State of New York, Appellant, v INTRODUCTIONS, INC., et al., Respondents. [675

NYS2d 189] —Mercure, J. Appeal, by permission, from that part of an order of the Supreme Court (Teresi, J.), entered November 14, 1997 in Albany County, which, in a proceeding pursuant to Executive Law § 63 (12), ordered petitioner to pay the costs incurred by a Referee appointed to determine all issues of restitution to be made by respondents.

Respondent Introductions, Inc. is a social referral service with several offices in Massachusetts, Connecticut and New York. Acting in response to numerous consumer complaints regarding Introductions' business practices, petitioner commenced this proceeding seeking, among other things, a permanent injunction enjoining Introductions from engaging in unlawful and deceptive acts and practices and seeking restitution for its aggrieved customers. Based upon respondents' failure to challenge petitioner's allegations concerning Introductions' violation of various provisions of the General Business Law, Supreme Court permanently enjoined respondents from violating Executive Law § 63 (12), General Business Law article 22-A and UJCA 1813, and also from continuing in the social referral service business unless a $100,000 bond was posted with the Attorney-General. Based upon its finding that petitioner failed to proffer competent evidence of individual violations and the damages incurred as a result, Supreme Court denied petitioners' request for civil penalties and restitution, without prejudice to reapplication.

Petitioner thereafter filed an application for restitution in connection with 521 customer complaints totaling $204,287.10 and for penalties of $150,000. On this appeal, petitioner challenges so much of Supreme Court's order as appointed a Referee to determine the customer complaints against Introductions and also ordered petitioner to pay the $125-per-hour Referee's fee based upon Supreme Court's finding that the complaint forms and other documentation "will require a thorough examination of all the allegations". We affirm. Supreme Court has been granted express statutory authorization to order a reference (CPLR 4317 [b]) and, in furtherance thereof, the discretion to "make an appropriate order for the payment of the reasonable expenses of the referee" (CPLR 4321 [1]). Given that grant of authority and in the absence of any persuasive claim that Supreme Court has abused its discretion, we are reluctant to interfere.

Notably, placing financial responsibility upon respondents would have the likely effect of jeopardizing the Referee's ability to obtain compensation for her efforts. Further, if the causes asserted by petitioner are meritorious, petitioner may obtain

an award of costs for the Referee's fees and expenses (CPLR 4321 [1]) or obtain reimbursement out of the funds recovered. We have considered petitioner's remaining claims and find them to be unavailing.

Cardona, P. J., Crew, III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.