■ SAMUEL D. ROSEN, Appellant, v SUSAN ROSEN, Respondent. [790 NYS2d 391]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pines, J.), dated January 28, 2003, which directed him to pay a referee's fee in the sum of $4,312.50.

Ordered that the order is affirmed, with costs.

The plaintiff's contention that the Supreme Court improperly referred certain factual issues raised on his motion to disqualify the defendant's counsel to a referee is without merit. CPLR

4212 authorizes a court, upon its own initiative, to "submit any issue of fact required to be decided by the court" to a referee to report "upon a showing of some exceptional condition requiring it or in matters of account." Consent by the parties is required only where the reference is one to "hear and determine," not "hear and report" (*compare* CPLR 4212, *with* CPLR 4317). The factual determination required to be made here was sufficiently complex that the Supreme Court providently exercised its discretion in making the reference (*see Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO [State of New York]*, 273 AD2d 668 [2000]; *Belle v Chromalloy Am. Corp.*, 51 AD2d 933 [1976]; *see also Gallant v Gallant*, 197 AD2d 422 [1993]). Under the circumstances of this case, the Supreme Court's determination that the plaintiff was required to bear the expense of the referee was also a provident exercise of discretion (*see* CPLR 4321, 8101; *Matter of People v Introductions, Inc.*, 252 AD2d 631 [1998]; *Kolomick v Kolomick*, 133 AD2d 69 [1987]).

The plaintiff's remaining contentions are without merit. H. Miller, J.P., Goldstein, Luciano and Spolzino, JJ., concur.