■ WILLIAM F. ACHTZIGER, Respondent, v MERZ METAL & MACHINE CORP., Appellant, et al., Defendants. [812 NYS2d 725]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered June 6, 2005 in a personal injury action. The order, insofar as appealed from, denied the motion of defendant Merz Metal & Machine Corp. for summary judgment dismissing the amended complaint and cross claim against it and granted that part of plaintiff's cross motion for leave to amend the pleadings against defendant Merz Metal & Machine Corp.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendant Merz Metal & Machine Corp. and dismissing the amended complaint and cross claim against it and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he fell from a ladder while servicing a machine at his place of employment. Plaintiff alleged that defendant Merz Metal & Machine Corp. (Merz) was negligent in its "inspection, servicing, maintenance and testing" of the machine. Prior to plaintiff's accident, Merz was hired by plaintiff's employer to extend the front maintenance platform on the machine. The ladder used to access the front of the machine could be secured into that platform, but at the time of his accident, plaintiff was using the ladder to access the rear of the machine, which had no platform or other means for securing the ladder.

Supreme Court erred in denying the motion of Merz for sum-

mary judgment dismissing the amended complaint against it, as well as the cross claim of defendant Mollenberg-Betz, Inc., the other remaining defendant, against it, and we therefore modify the order accordingly. Merz met its initial burden by establishing that it owed no duty to plaintiff as a matter of law, and plaintiff failed to raise a triable issue of fact. "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *see Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]). One exception to that general rule "is where the promisor, while engaged affirmatively in discharging a contractual obligation, creates an unreasonable risk of harm to others, or increases that risk" (*Church*, 99 NY2d at 111). Contrary to plaintiff's contention, Merz did not create or exacerbate a dangerous condition. The allegedly dangerous condition, i.e., the absence of any means by which to secure the ladder at the rear of the machine, existed prior to Merz's work on the machine. Although plaintiff contends that the extension by Merz of the front maintenance platform did not allow for access to the rear of the machine, we note that there is nothing in the record to indicate that plaintiff's employer hired Merz to create a means of access to the rear of the machine prior to plaintiff's accident. Present—Hurlbutt, J.P., Scudder, Kehoe, Green and Hayes, JJ.