■ MARGARITA WALTER, Appellant, v JOHN WALTER, Respondent. [835 NYS2d 196]—

In an action for a divorce and ancillary relief, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Donovan, J.), dated February 23, 2005, which, inter alia, granted the defendant's motion to confirm the report of a referee dated September 28, 2004, made after a hearing, and (2), as limited by her brief, from stated portions of a judgment of the same court dated May 3, 2005, which, inter alia, awarded her child support in the sum of only $2,900 per month, and maintenance in the sum of $4,000 per month for a period of only five years from the date of the commencement of the action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the law, the facts, and in the exercise of discretion, (1) by deleting from the fourth decretal paragraph thereof the words "until October 25, 2006 (a period of five years from the date of commencement of the action)" and substituting therefor the words "until October 25, 2009 (a period of eight years from the date of commencement of the action)," and (2) by deleting from the fifth decretal paragraph thereof the words "Defendant shall pay to Plaintiff, as and for child support, the sum of $2,900.00 per month, payable in semi-monthly installments of $1,450.00 each" and substituting therefor the words "Defendant shall pay to Plaintiff, as and for child support, the sum of $3,625 per month, payable in semi-monthly installments of $1,812.50 each"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (CPLR 5501 [a] [1]).

During the course of a hearing on the economic issues involved in this divorce action, the parties and the referee realized that no written order of reference had been issued by the Supreme Court. When the plaintiff challenged the referee's authority to proceed with the hearing, the defendant moved for

an order of reference nunc pro tunc. The Supreme Court granted the motion, and issued a nunc pro tunc order appointing the referee to hear and report on the economic issues. Contrary to the plaintiff's contention, the court did not err in issuing the nunc pro tunc order of reference. The factual determinations required to be made were sufficiently complex to warrant a reference pursuant to CPLR 4212, and consent by the parties is only required where the reference is one to "hear and determine," not "hear and report" (*see Rosen v Rosen*, 16 AD3d 398 [2005]; *see also Schanback v Schanback*, 130 AD2d 332 [1987]).

However, the court improvidently exercised its discretion in confirming the referee's determination to limit the plaintiff's award of spousal maintenance to a period of five years, retroactive to the date of commencement of the action. The evidence presented at the hearing reveals that the plaintiff is the primary caretaker of the parties' three children, and that she stopped working shortly before the birth of the parties' second child in 1995 in order to become a stay-at-home mother. The primary purpose of a maintenance award is to give the spouse economic independence (*see O'Brien v O'Brien*, 66 NY2d 576, 585 [1985]), and "[s]pousal support should be awarded for a duration that would provide the recipient with enough time to become self-supporting" (*Bains v Bains*, 308 AD2d 557, 559 [2003]). Taking into consideration all of the relevant factors, including the plaintiff's age, education and employment history, and the length of the marriage (*see* Domestic Relations Law § 236 [B] [6]), the award of maintenance should be extended by an additional three years. This will afford the plaintiff, who has been out of the work force for an extended period of time, and is the primary caretaker of the parties' children, a sufficient opportunity to become self-supporting (*see Wortman v Wortman*, 11 AD3d 604 [2004]; *Klein v Klein*, 296 AD2d 533 [2002]).

Furthermore, under the circumstances of this case, the court should not have confirmed the referee's determination to impute an annual income of $40,000 per year to the plaintiff for purposes of calculating child support under the terms of the Child Support Standards Act (hereinafter the CSSA) (Domestic Relations Law § 240 [1-b]). Although the court may impute income based upon a party's past income or demonstrated earning potential (*see Brian v Brian*, 36 AD3d 847 [2007]; *Rand v Rand*, 29 AD3d 976 [2006]), given the extended period of time during which the plaintiff has been out of the work force, and the necessity of affording her an additional period of time to become self-supporting, it was improper to impute income to

her at this juncture. Accordingly, as an alternative to remitting the matter to the Supreme Court, Westchester County, for a de novo determination of child support, in the interest of judicial economy we have recalculated the parties' support obligation by applying the CSSA formula solely to the defendant's income. We therefore modify the judgment to require the defendant to pay child support to the plaintiff in the sum of $3,625 per month, payable in semi-monthly installments of $1,812.50 each.

The plaintiff's remaining contentions are without merit. Crane, J.P., Krausman, Fisher and Dickerson, JJ., concur.