■ L.M.B., an Infant, by Her Parents and Natural Guardians, WILLIAM BERNARDELLI and Another, et al., Respondents, v SEVYLOR USA, INC., et al., Appellants. [842 NYS2d 802]—

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered October 11, 2006 in a products liability action. The order denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this products liability action seeking damages for injuries sustained by plaintiff daughter (hereafter, plaintiff) when she fell from an "inflatable recreational water tube" (hereafter, water tube) as it was towed behind a boat operated by plaintiff William Bernardelli, plaintiff's father. We conclude that Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint. Although plaintiffs alleged, inter alia, that plaintiff's injuries were caused by defendants' defective design and manufacture of the water tube, defendants failed to submit evidence in support of their motion establishing that the water tube was not defective, nor did they even contend that it was not defective. Rather, defendants contended that there were other likely causes of plaintiff's injuries, such as the tow rope or debris in the water. To meet their burden on the motion, defendants were required to " 'tender . . . evidentiary proof in admissible form' " establishing as a matter of law that the allegedly defective water tube was not a proximate cause of plaintiff's injuries (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *see Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 42 [2003]; *cf. Ramirez v Miller*, 29 AD3d 310, 313 [2006]), and they failed to do so. Indeed, they failed to submit any evidence to support their theory that plaintiff's injuries were caused by something other than the water tube (*cf. Speller*, 100 NY2d at 42). Defendants cannot meet their burden merely by " 'noting gaps in [their] opponent[s'] proof' " (*Giangrosso v Kummer Dev. Corp.*, 8 AD3d 1037, 1038 [2004]). The burden of

proof therefore never shifted to plaintiffs, and we thus do not consider the adequacy of plaintiffs' submissions in opposition to defendants' motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.