SALLY ANN BLAZYNSKI et al., Appellants, v A. GARELECK & SONS, INC., et al., Respondents, et al., Defendants. (Appeal No. 1.) [852 NYS2d 500]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered April 25, 2006 in a personal injury action. The order granted the motions of defendants A. Gareleck & Sons, Inc., Thomas Industries, Inc. and Genlyte Thomas Group LLC for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this negligence and products liability action seeking damages for injuries sustained by Sally Ann Blazynski (plaintiff), an employee at a Wegmans store, when she slipped and fell on ice that had accumulated on the floor of a bakery department freezer. After her fall, plaintiff noticed that there was water dripping off the light fixture on the ceiling of the freezer. Plaintiffs alleged that defendants Thomas Industries, Inc. and Genlyte Thomas Group LLC (collectively, Genlyte defendants) were negligent in their design, manufacture or installation of the light fixture, and that defendant A. Gareleck & Sons, Inc. (Gareleck), a plumbing contractor retained by Wegmans approximately two months prior to plaintiff's accident to investigate a problem with water dripping through the light fixture in the bakery freezer, also was

negligent, inter alia, in failing to correct the condition that led to the formation of ice on the bakery freezer floor and in advising Wegmans that the condition was remedied when in fact it was not. Several weeks after plaintiff's accident, the light fixture was replaced and apparently discarded by an electrician hired by Wegmans.

We conclude with respect to the order in appeal No. 1 that Supreme Court properly granted the motion of the Genlyte defendants for summary judgment dismissing the complaint against them. Where a product defect must be proved circumstantially because the product is unavailable, a defendant may satisfy its initial burden on a summary judgment motion by "offering evidence that the injuries were not caused by [its] product but by an entirely different instrumentality" (*Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 42 [2003]; *see Ramirez v Miller*, 29 AD3d 310, 313 [2006]). Contrary to plaintiffs' contention, the Genlyte defendants met their burden on the motion by submitting the affidavits of a mechanical engineer and its product engineering manager (*cf. L.M.B. v Sevylor USA, Inc.*, 43 AD3d 1355 [2007]). Based on their inspection of the freezer, the two experts concluded that the condensation in the freezer and the ice on its floor were not caused by the light fixture but, rather, were caused by Wegmans employees who had left the freezer door open. Plaintiffs failed to raise an issue of fact sufficient to defeat the motion inasmuch as they failed to present competent evidence excluding the open freezer door as the source of the water condensation and ice or identifying a specific defect in the light fixture (*see Speller*, 100 NY2d at 42). Indeed, they established only that water was observed dripping from, off, or through the light fixture, and thus failed to "submit some direct evidence that a defect existed" (*Brown v Borruso*, 238 AD2d 884, 885 [1997]), or competent evidence excluding all other causes of the ice not attributable to the Genlyte defendants, namely, the open freezer door (*see Maciarello v Empire Comfort Sys.*, 16 AD3d 1009, 1011 [2005]). Plaintiffs' contention that the motion of the Genlyte defendants should have been denied because they failed to attach a copy of their answer is improperly raised for the first time on appeal, and we decline to review that contention (*see Medina v MSDW 140 Broadway Prop., L.L.C.*, 13 AD3d 67 [2004]; *Patino v Lockformer Co.*, 303 AD2d 731, 733 [2003]; *Panzella v Shop Rite Supermarkets*, 238 AD2d 490 [1997]).

We further conclude with respect to the order in appeal No. 1 that the court properly granted the motion of Gareleck for summary judgment dismissing the complaint and all cross claims

against it. Gareleck met its initial burden by establishing that it owed no duty of care to plaintiff as a result of its prior inspection of the bakery department freezer for plumbing problems (*see Stiver v Good & Fair Carting & Moving, Inc.*, 32 AD3d 1209, 1210 [2006], *affd* 9 NY3d 253 [2007]; *Achtziger v Merz Metal & Mach. Corp.*, 27 AD3d 1137, 1138 [2006]). "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). In opposition, plaintiffs failed to raise an issue of fact whether an exception to that general rule applied, i.e., whether Gareleck assumed a duty of care to plaintiff by rendering services to Wegmans that negligently created or exacerbated the allegedly dangerous condition (*see id.* at 141-142; *Church v Callanan Indus.*, 99 NY2d 104, 111-112 [2002]; *Achtziger*, 27 AD3d at 1138).

Finally, we conclude with respect to the order in appeal No. 2 that the court properly denied the motion of plaintiffs for leave to renew their opposition to the motions of the Genlyte defendants and Gareleck. "A motion for leave to renew must be based upon new facts that were unavailable at the time of the original motion" (*Boreanaz v Facer-Kreidler*, 2 AD3d 1481, 1482 [2003]) and, inter alia, "that would change the prior determination" (CPLR 2221 [e] [2]). "Although a court has discretion to 'grant renewal, in the interest of justice, upon facts which were known to the movant at the time the original motion was made' . . . , it may not exercise that discretion unless the movant establishes a 'reasonable justification for the failure to present such facts on the prior motion' " (*Robinson v Consolidated Rail Corp.*, 8 AD3d 1080 [2004]). Here, the affidavit of plaintiffs' expert submitted in support of plaintiffs' motion does not present new facts, nor have plaintiffs offered a reasonable excuse for failing to submit the affidavit in opposition to the prior motions (*see Conley v Central Sq. School Dist.*, 255 AD2d 981 [1998]; *Welch Foods v Wilson*, 247 AD2d 830 [1998]). In any event, the conclusions in the affidavit of plaintiffs' expert are based upon speculation and thus would not alter the outcome of the prior motions (*see Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 129 [2000]; *Cannarozzo v County of Livingston*, 13 AD3d 1180 [2004]). Present—Scudder, P.J., Smith, Centra, Lunn and Peradotto, JJ.