■ JAMES LUPPINO, as Successor Administrator of the Estate of MARIA V. LUPPINO, Deceased, Respondent, v WILLIAM E. O'BRIEN, M.D., et al., Defendants, and CATHOLIC HEALTH SYSTEM, Doing Business as KENMORE MERCY HOSPITAL, Appellant. (Appeal No. 1.) [873 NYS2d 811]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered April 19, 2007. The order, among other things, denied that part of the cross motion of defendant Catholic Health System, doing business as Kenmore Mercy Hospital, for a protective order.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, defendant Catholic Health System, doing business as Kenmore Mercy Hospital (KMH), appeals from an order that, inter alia, granted that part of plaintiff's motion to compel the production of four documents referenced in the contract between KMH and Elder Medical Services, P.C. (contract) and denied that part of KMH's cross

motion for an order of protection with respect to those documents. In appeal No. 2, KMH appeals from an order denying its motion for, inter alia, leave to renew that part of its cross motion and its opposition to that part of plaintiff's motion with respect to the four documents referenced in the contract. We conclude with respect to the order in appeal No. 1 that Supreme Court did not abuse its discretion by compelling KMH to produce the four documents referenced in the contract. Those documents were within the scope of plaintiff's discovery requests and detailed the policy and procedures concerning the treatment of patients at KMH, and thus they are relevant to the allegations of medical malpractice in plaintiff's complaint (*see Kern v City of Rochester*, 261 AD2d 904, 905 [1999]).

We conclude with respect to the order in appeal No. 2 that the court properly denied that part of the motion for leave to renew. The affidavit of KMH's vice-president of compliance and administrative services submitted in support thereof failed to present new facts and, in any event, KMH failed to establish a reasonable justification for its failure to present that affidavit in support of its cross motion or in opposition to plaintiff's motion (*see Blazynski v A. Gareleck & Sons, Inc.*, 48 AD3d 1168, 1170 [2008], *lv dismissed in part and denied in part* 11 NY3d 825 [2008]; *Robinson v Consolidated Rail Corp.*, 8 AD3d 1080 [2004]). Present—Scudder, P.J., Hurlbutt, Peradotto and Gorski, JJ.