# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1312**

**CA 11-02351**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

JAMES LUPPINO, SUCCESSOR ADMINISTRATOR OF
THE ESTATE OF MARIA V. LUPPINO, DECEASED,
PLAINTIFF-APPELLANT,

V                                           MEMORANDUM AND ORDER

ACEA M. MOSEY, AS ADMINISTRATOR OF THE ESTATE
OF WILLIAM E. O'BRIEN, M.D., DECEASED, ET AL.,
DEFENDANTS,
AND CATHOLIC HEALTH SYSTEM, DOING BUSINESS AS
KENMORE MERCY HOSPITAL, DEFENDANT-RESPONDENT.

---

PAUL WILLIAM BELTZ, P.C., BUFFALO (DEBRA A. NORTON OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

DAMON MOREY LLP, BUFFALO (JULIE M. BARGNESI OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 19, 2011. The order, inter alia, granted the motion of defendant Catholic Health System, doing business as Kenmore Mercy Hospital, to confirm the Report and Recommendation of the Judicial Hearing Officer.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the first through third ordering paragraphs and denying that part of the motion of defendant Catholic Health System, doing business as Kenmore Mercy Hospital, for leave to renew and as modified the order is affirmed without costs, the order entered October 28, 2010 referring the matter to a judicial hearing officer is reversed, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following Memorandum: We agree with plaintiff that Supreme Court erred in granting that part of the motion of Catholic Health System, doing business as Kenmore Mercy Hospital (defendant), seeking leave to renew its opposition to plaintiff's motion to strike the answer (*see Carroway Luxury Homes, LLC v Integra Supply Corp.*, 57 AD3d 1448, 1449; *McNerney v Fundalinski*, 48 AD3d 1256, 1257; *Moss v McKelvey*, 32 AD3d 1281, 1282). We note as background that plaintiff moved to strike defendant's answer on, inter alia, the ground that defendant willfully ignored an April 2007 order compelling it to produce certain contract documents, which order was affirmed by this Court (*Luppino v O'Brien*, 59 AD3d 991, 992). A motion for leave to renew must be "based upon new facts not offered on the prior motion that would change the prior

determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Blazynski v A. Gareleck & Sons, Inc.*, 48 AD3d 1168, 1170, *lv denied* 11 NY3d 825). Here, defendant offered no new facts in support of that part of its motion for leave to renew; rather, defendant again submitted a 2007 affidavit from its Vice-President of Compliance and Administrative Services (Vice-President), wherein he averred that some of the documents sought by plaintiff did not exist (2007 affidavit). We therefore modify the order by denying that part of defendant's motion for leave to renew its opposition to plaintiff's motion to strike defendant's answer.

Contrary to the further contention of plaintiff, however, the court properly granted that part of defendant's motion for leave to reargue its opposition to plaintiff's motion to strike defendant's answer on the ground that the court misapprehended the facts and the law in determining that motion (*see* CPLR 2221 [d] [2]). In granting plaintiff's motion, the court stated that, because defendant asserted the same position that it asserted when it opposed plaintiff's original motion to compel discovery of the contract documents, defendant was in essence requesting that the court overrule the April 2007 order and this Court's affirmance thereof. The court therefore reasoned that it was "left . . . with no option except to fashion a remedy for [defendant]'s failure to comply with the previous discovery orders of the court." Defendant's position in opposition to the motion to strike its answer, however, was that it had complied with the April 2007 order by producing all of the requested contract documents in existence. Any question concerning the existence or nonexistence of the specific contract documents at issue here, however, was not before the court that granted the April 2007 order or this Court on appeal (*see Luppino*, 59 AD3d at 992). Thus, the court's June 2010 order (2010 order) striking defendant's answer was based upon the court's misapprehension that it had no choice but to penalize defendant for failing to produce the contract documents at issue.

Although the court on the motion to renew could not have considered the 2007 affidavit because it did not contain new facts and defendant failed to establish a reasonable justification for not presenting it earlier (*see* CPLR 2221 [e]; *Blazynski*, 48 AD3d at 1170), the court should have considered that affidavit in opposition to plaintiff's motion to strike defendant's answer.

"We have repeatedly held that the striking of a pleading is appropriate only where there is a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Hann v Black*, 96 AD3d 1503, 1504 [internal quotation marks omitted]). "Once a moving party establishes that the failure to comply with a disclosure order was willful, contumacious or in bad faith, the burden shifts to the nonmoving party to offer a reasonable excuse" (*WILJEFF, LLC v United Realty Mgt. Corp.*, 82 AD3d 1616, 1619). Here, plaintiff met his initial burden, "thereby shifting the burden to defendant to offer a reasonable excuse" for its noncompliance with the disclosure order (*Hill v Oberoi*, 13 AD3d 1095, 1096). Defendant, however, offered such an excuse by submitting the 2007 affidavit, and

the court should have determined the merits of that excuse.

We agree with plaintiff, however, that, upon reargument, the court abused its discretion in referring the matter to a judicial hearing officer (JHO). We therefore reverse the order of referral. CPLR 4212 provides in pertinent part that, "[u]pon the motion of a[ ] party . . . or on its own initiative, the court may submit any issue of fact required to be decided by the court to an advisory jury or[,] *upon a showing of some exceptional condition requiring it* . . . , to a referee to report" (CPLR 4212 [emphasis added]; *see Martin-Trigona v Waaler & Evans*, 148 AD2d 361, 363). "[T]he 'exceptional condition' requirement of CPLR 4212 . . . is not met if the issue can be decided by the court 'without extraordinary impingement on [its] regular business' " (Siegel, NY Prac § 379, at 644 [4th ed 2005], quoting *Matter of Wilder v Straus-Duparquet*, 5 AD2d 1, 3; *see Miller v Albertina Realty Co., Inc.*, 198 App Div 340, 343).

Here, the issue referred to the JHO was "whether [defendant] complied with the [April 2007 order]," i.e., whether the relevant documents sought to be produced by plaintiff exist and are able to be produced. We conclude that defendant failed to establish any "exceptional condition" warranting a referral of that issue to a JHO (CPLR 4212). Although the ultimate issue whether defendant complied with the April 2007 order is sharply contested, the underlying issue, i.e., whether and to what extent certain documents exist or can be reproduced, is not factually complicated (*cf. Walter v Walter*, 38 AD3d 763, 765; *Rosen v Rosen*, 16 AD3d 398, 399; *Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO [State of New York]*, 273 AD2d 668, 671). While a hearing was warranted due to the conflicting positions of the parties, referral to a JHO was not necessary. As the court stated in *Wilder* (5 AD2d at 2-3), "[w]hile the issue raised in this case may not be too summarily determined, there is no justification in protracting the proceedings as is likely to occur on a reference, nor in imposing the attendant expense on the parties. The court is eminently capable of determining the issue expeditiously, and without extraordinary impingement on the regular business of the court."

The only justification offered by defendant in support of reference to a JHO was that the JHO to whom the issue was referred was the judge who granted the April 2007 order prior to his retirement from the bench and thus that he could provide "insight" into the meaning of that order. We conclude, however, that there was no need for an interpretation or explanation of the April 2007 order, which speaks for itself. The order simply required defendant to produce, inter alia, the contract documents in question. The only issue that remained was whether defendant had complied with those portions of the April 2007 order, an issue that did not require the knowledge or particular expertise of the JHO.

We therefore further modify the order on appeal by vacating those parts of the order confirming and adopting the JHO's report and recommendation and finding that defendant complied with the April 2007 order. We remit the matter to Supreme Court to determine whether

defendant complied with the April 2007 order and, if not, whether defendant has "willfully and contumaciously" refused to produce the requested documents such that the 2010 order striking defendant's answer should stand.  We note that, until the issue of defendant's compliance with the April 2007 order is determined after an evidentiary hearing, it is premature to consider plaintiff's contention that the court erred in vacating the 2010 order.

Finally, in light of our conclusion that the matter was improperly referred to a JHO, we need not address plaintiff's further contention that the JHO should have conducted an evidentiary hearing and that he exceeded the scope of his authority.

Entered:  February 1, 2013                    Frances E. Cafarell
                                              Clerk of the Court