■ DAVID B. FISHER, Appellant, v MAXWELL COMMUNICATIONS CORPORATION et al., Respondents. [613 NYS2d 369] —Order, Supreme Court, New York County (Burton Sherman, J.), entered May 14, 1993, which granted the motion by defendants MacMillan, Inc. ("MacMillan"), MacMillan Publishing Company, Independent Network Systems and AD/SAT, Inc. ("ASI") (collectively "defendants") seeking, *inter alia,* to dismiss the plaintiff's amended complaint in its entirety, to the extent of dismissing, pursuant to CPLR 3211 (a) (7), all but the second cause of action of the amended complaint alleging a retaliatory discharge under the New York Human Rights Law (Executive Law § 296), unanimously affirmed, without costs.

"Although on a motion addressed to the sufficiency of a complaint, the facts pleaded are presumed to be true and accorded every favorable inference * * * nevertheless, 'allegations consisting of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence are not entitled to such consideration.' " *(Mark Hampton, Inc. v Bergreen,* 173 AD2d

220, *lv denied* 80 NY2d 788, quoting *Roberts v Pollack,* 92 AD2d 440, 444.)

The first cause of action for breach of contract arising as a result of plaintiff's discharge was properly dismissed since plaintiff failed to establish that he was employed by the defendants for a fixed duration pursuant to a written contract of employment or that there was an express limitation in the individual contract of employment on his employers' right to terminate that employment of indefinite duration. Thus, the plaintiff was therefore an at-will employee whose employment was freely terminable by either party at any time for any reason or even for no reason *(see generally, Sabetay v Sterling Drug,* 69 NY2d 329).

The IAS Court also properly dismissed plaintiff's breach of contract cause of action, while allowing his second cause of action, for statutory retaliatory discharge under the New York Human Rights Law, to proceed, since statutory restrictions on the right to discharge may provide a statutory right to relief for discharged employees as an alternative to unviable contract and tort claims *(see, e.g., Murphy v American Home Prods. Corp.,* 58 NY2d 293, 306-307; *cf., e.g., Connolly v Macklowe Real Estate Co.,* 161 AD2d 520).

Nor did the IAS Court err in dismissing the fifth cause of action of the plaintiff's amended complaint alleging that the defendants had libeled plaintiff when ASI President, Richard Atkins, issued an interoffice memorandum informing office staff of the plaintiff's discharge, since the memorandum, when taken in context, neither constitutes libel per se, by imputing to the plaintiff that he committed a crime *(Angel v Levittown Union Free School Dist. No. 5,* 171 AD2d 770, 772), nor impugnes his competence as a professional *(Kraus v Brandstetter,* 167 AD2d 445, 446). Nor, when considered in the context of the entire publication and tested in terms of its effect upon the average listener or reader, is the memorandum susceptible of a defamatory connotation *(Park v Capital Cities Communications,* 181 AD2d 192, 195, *lv dismissed in part and denied in part* 81 NY2d 879).

In dismissing the sixth cause of action of the plaintiff's amended complaint, alleging that the MacMillan defendants had breached a common law fiduciary duty independent of the employment agreement and imposed upon them as a matter of social policy by terminating the plaintiff's employment, the IAS Court correctly recognized that New York does not recognize tort claims for abusive or wrongful discharge by at-will employees, whether denominated as breach of an implied

covenant of good faith and fair dealing or prima facie tort, which, as here, merely constitute an improper attempt by the plaintiff to evade the traditional at-will rule by recasting that cause of action in another guise *(see, Ingle v Glamore Motor Sales,* 73 NY2d 183, 188-189).

The seventh cause of action of the plaintiff's amended complaint, purporting to set forth a cause of action against the MacMillan defendants for tortious interference with contractual relations, was also properly dismissed since the tort of interference with an employment contract cannot lie against parties, such as the MacMillan defendants herein, which admittedly were not strangers to the plaintiff's employment agreement *(Koret, Inc. v Christian Dior, S.A.,* 161 AD2d 156, 157, *lv denied* 76 NY2d 714), and since the plaintiff cannot evade the traditional at-will rule, that there is no cause of action in New York for abusive or wrongful discharge, by recasting that wrongful discharge claim as one for tortious interference *(Ingle v Glamore Motor Sales, supra).* Concur—Carro, J. P., Rosenberger, Kupferman, Nardelli and Tom, JJ.