■ CYNTHIA REKEMEYER, Respondent, v KNICKERBOCKER FURNITURE COMPANY, INC., Appellant. [635 NYS2d 320] —Mikoll, J. P. Appeal from an order of the Supreme Court (Spain, J.), entered August 1, 1994 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

In July 1986, plaintiff was injured when she fell down a flight of stairs at defendant's furniture store. Plaintiff then brought this negligence action, alleging that her fall had been caused by a rip in the carpet covering the staircase that had snagged the heel of her shoe. After issue was joined, defendant moved

for summary judgment dismissing the complaint. Supreme Court denied the motion and defendant appeals.

In support of its motion, defendant proffered the testimony given at examinations before trial by four individuals who had been employed at defendant's store at the time of plaintiff's fall. They attested that they had not observed the rip in the carpet prior to the accident in question. Defendant also presented evidence showing that the carpet was almost new, having been installed a few months prior to plaintiff's fall.

In opposition to defendant's motion, plaintiff submitted her own observation following the accident that the carpet had been frayed around the torn area, indicating that the tear was not of recent origin. Plaintiff also adduced the affidavits of an architect and a carpet wholesaler, both of whom opined that the tear in the carpet had been caused by a significant force and that it could not have been caused by the relatively minor force of the heel of plaintiff's shoe as it became snagged in the carpet. They concluded that the tear must have preexisted plaintiff's fall. Plaintiff presented additional evidence showing that the stairs in question had been regularly used by defendant's employees to move heavy objects from one floor of the store to another as there was no elevator in the building.

Viewing the evidence in the light most favorable to plaintiff, as we must (*see, Fisher v Maxwell Communications Corp.*, 205 AD2d 356), we conclude that defendant's summary judgment motion was properly denied. In support of its motion, defendant made a prima facie showing that it had neither created the dangerous condition nor had actual or constructive notice of its existence (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838; *Salty v Altamont Assocs.*, 198 AD2d 591), thereby shifting the burden to plaintiff to come forward with evidentiary proof sufficient to raise triable issues of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff sustained that burden by presenting evidence tending to show that a dangerous or defective condition existed on defendant's premises immediately prior to her accident and that defendant had either created the condition or had actual or constructive knowledge thereof (*see, Lowrey v Cumberland Farms*, 162 AD2d 777, 778). In so doing, plaintiff demonstrated the existence of triable issues of fact which were properly found by Supreme Court to preclude the grant of defendant's motion for summary judgment dismissing the complaint (*see, Wells v Golub Corp.*, 182 AD2d 927).

Crew III, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.