■ SHEILA NELSON et al., Respondents, v RPH CONSTRUCTION CORP., Appellant, et al., Defendant. [718 NYS2d 403] —In an action to recover damages for personal injuries, etc., the defendant RPH Construction Corp. appeals from (1) an order of the Supreme Court, Kings County (G. Aronin, J.), dated November 30, 1999, which denied its motion for partial summary judgment dismissing the plaintiffs' causes of action based on Labor Law §§ 200, 240 (1), and § 241 (6) insofar as asserted against it and granted the plaintiffs' cross motion for partial summary judgment on the issue of liability on their cause of action based on Labor Law § 240 (1), and (2) an order of the same court dated May 24, 2000, which denied its motion for leave to reargue and renew.

Ordered that the appeal from the order dated November 30, 1999, is dismissed as academic, in light of our determination of the appeal from the order dated May 24, 2000; and it is further,

Ordered that the appeal from so much of the order dated May 24, 2000, as denied that branch of the appellant's motion which was for reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated May 24, 2000, is reversed insofar as reviewed, that branch of the motion which was for leave to renew is granted and, upon renewal, the motion for partial summary judgment dismissing the causes of action based on Labor Law §§ 200, 240 (1), and § 241 (6) is granted, the cross motion is denied, the order dated November 30, 1999, is vacated, the causes of action based on Labor Law § 200, 240 (1), and § 241 (6) are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The Supreme Court erred in denying that branch of the appellant's motion which was for leave to renew. The deposition testimony of the plaintiff Sheila Nelson, detailing her duties on the date of the accident, was previously unavailable to the appellant as her deposition did not take place until after the appellant filed its original motion. Accordingly, it constituted new facts upon which the appellant properly sought renewal (see, Bulis v Di Lorenzo, 142 AD2d 707).

We also agree with the appellant's contention that Sheila Nelson is not a person entitled to the protection of the Labor Law. She was neither " 'permitted or suffered to work on a building or structure' " (Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573, 576) nor was performing work necessary and

incidental to the erection or repair of a building or structure (*see, Lombardi v Stout,* 80 NY2d 290). Under the circumstances, the complaint, to the extent it is premised on Labor Law §§ 200, 240 (1), and § 241 (6), should have been dismissed (*see, Shields v St. Marks Hous. Assocs.,* 230 AD2d 903). O'Brien, J. P., Santucci, H. Miller and Schmidt, JJ., concur.