■ JENNIFER PHILLIPS, Appellant, v C.H. TISSOTVANPATOT, Respondent. [720 NYS2d 274] —Carpinello, J. Appeals (1) from an order of the Supreme Court (Lahtinen, J.), entered December 17, 1999 in Clinton County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered January 26, 2000 in Clinton County, which, upon reargument, adhered to its prior order.

While legally stopped in traffic in the Village of Lake Placid, Essex County, plaintiff's vehicle was rear-ended by a vehicle owned and operated by defendant. In this action that followed, plaintiff claims that the back pain from which she suffers as a result of the accident constitutes a "serious injury" within the meaning of Insurance Law § 5102 (d). After joinder of issue, a board-certified orthopedic surgeon retained by defendant

examined plaintiff and opined that any spinal abnormalities revealed on her X rays and MRIs, including a disc herniation, predated the accident. Accordingly, defendant sought summary dismissal of plaintiff's complaint.

In an affirmation in opposition to defendant's motion, plaintiff's own treating physician concurred in the conclusion that plaintiff's disc degeneration and spinal cord narrowing existed prior to the accident, but it was his opinion that the accident aggravated a previously asymptomatic condition, resulting in a "mild" disability. However, as noted by Supreme Court in granting defendant summary judgment, the treating physician's own reports reveal, *inter alia*, an absence of palpable muscle spasms, a negative leg raising test and a conclusion that the physical examination of plaintiff almost two years after the accident was without "specific objective changes" and "essentially normal."

Finding no error in Supreme Court's original decision granting summary judgment or in its subsequent decision on reargument, we affirm. An aggravation of a preexisting disc condition can, under appropriate circumstances, constitute a "serious injury" (*see, e.g., Walsh v Kings Plaza Replacement Serv.*, 239 AD2d 408, 409). Here, however, plaintiff's claims of permanent loss of use, permanent consequential limitation of use and significant limitation of use of her lumbar spine, although based on an alleged aggravation of a disc injury, are supported solely by her subjective complaints of pain. Since the alleged aggravation is not established by medical evidence based on objective findings and diagnostic tests (*see, Decker v Stang*, 243 AD2d 1033, 1036, *lv denied* 91 NY2d 812; *Tankersley v Szesnat*, 235 AD2d 1010, 1012; *Hines v Capital Dist. Transp. Auth.*, 280 AD2d 768 [decided herewith]), Supreme Court's determinations should be affirmed in all respects.

Cardona, P. J., Mercure, Spain and Rose, JJ., concur. Ordered that the orders are affirmed, with costs.