■■■ BRIAN J. BOREANAZ et al., Appellants, v SUSAN FACER-KREIDLER et al., Respondents. (Appeal No. 1.) [770 NYS2d 516]—

Appeal from an order of Supreme Court, Erie County (Lane, J.), entered April 29, 2002, which granted the motion of defendant Susan Facer-Kreidler and the cross motion of defendant Ford Motor Credit Company for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion and cross motion in part and reinstating the complaint with respect to the permanent consequential limitation of use of a body organ or member and significant limitation of use of a body function or system categories of serious injury within the meaning of Insurance Law § 5102 (d) and reinstating the derivative cause of action and as modified the order is affirmed without costs.

Memorandum: In appeal No. 1, plaintiffs appeal from an order granting the motion of defendant Susan Facer-Kreidler and the cross motion of defendant Ford Motor Credit Company (Ford) for summary judgment dismissing the complaint on the ground that Brian J. Boreanaz (plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiffs commenced this action seeking damages for injuries allegedly sustained by plaintiff when the vehicle that he was driving was rear-ended by a vehicle driven by Facer-Kreidler and owned by Ford. We conclude that defendants did not meet their burden of establishing as a matter of law that plaintiff did not sustain a permanent consequential limitation of use of a body organ or member or a significant limitation of use of a

body function or system, two of the four categories of serious injury alleged by plaintiffs. Defendants' own submissions raise an issue of fact whether plaintiff's spondylolisthesis was a preexisting condition that was exacerbated by the accident (*see Phillips v Tissotvanpatot*, 280 AD2d 735, 736 [2001]; *Walsh v Kings Plaza Replacement Serv.*, 239 AD2d 408, 409 [1997]). We therefore modify the order in appeal No. 1 by denying the motion and cross motion in part and reinstating the complaint with respect to those two categories of serious injury and the derivative cause of action.

We conclude in appeal No. 2 that Supreme Court properly denied plaintiffs' motion for leave to renew with respect to defendants' motion and cross motion for summary judgment dismissing the complaint. A motion for leave to renew must be based upon new facts that were unavailable at the time of the original motion and cross motion (*see* CPLR 2221 [e] [2]; *Nelson v RPH Constr. Corp.*, 278 AD2d 465 [2000]). Here, however, it is undisputed that the evidence submitted on renewal, i.e., the complete transcript of plaintiff's deposition testimony, was inadvertently omitted by plaintiffs' counsel in opposition to the motion and cross motion and was not previously unavailable. In any event, the court properly determined that plaintiff's deposition testimony would not change the outcome of defendants' motion and cross motion (*see* CPLR 2221 [e] [2]). Present—Pigott, Jr., P.J., Pine, Wisner and Kehoe, JJ.