■ Vincent De Cicco, Respondent, v John P. Longendyke, Appellant. [829 NYS2d 284]—

Cardona, P.J. Appeal from an order of the Supreme Court (Bradley, J.), entered January 6, 2006 in Ulster County, which, upon renewal, denied defendant's motion for summary judgment dismissing the complaint.

In July 2003, while an invited guest to a party at defendant's residence in the Town of Kingston, Ulster County, plaintiff allegedly sustained injuries to his leg after falling in a hole or depression in defendant's yard. According to plaintiff, the unlit area at the side of the house where he fell was "really dark"

and, as he stepped, "[t]here was some sort of like extra step, indentation, hole, ledge, or something like that." Plaintiff stated that after his foot unexpectedly went down "four to six inches," he tumbled forward, landing on his knees. He described the area where he fell as "grassy dirt."

Plaintiff commenced this negligence action in January 2004, asserting that his injuries were caused by defendant's failure to, among other things, adequately light the premises in the area where the accident allegedly occurred or warn visitors of irregularities on his property. Following joinder of issue, Supreme Court granted defendant's motion for summary judgment, concluding that plaintiff had offered no proof of a dangerous condition on defendant's land. Upon the submission by plaintiff of an affidavit from a nonparty witness, Megan O'Halloran, Supreme Court granted plaintiff's motion to renew and reversed its award of summary judgment to defendant, finding that questions of fact necessitated a trial.

Initially, we are unpersuaded by defendant's contention that Supreme Court improperly granted plaintiff's motion to renew. Regardless of the merit of defendant's claim that the evidence contained in O'Halloran's affidavit was available prior to plaintiff's initial factual presentation, Supreme Court specifically acknowledged that plaintiff had exercised due diligence in attempting to obtain a sworn affidavit from his witness prior to the court's original decision. However, there was evidence that O'Halloran's relocation presented difficulties in securing the affidavit. Given the affidavits submitted by plaintiff, plaintiff's attorney and O'Halloran regarding the validity of those efforts as well as the witness's move to another part of the state, we cannot say that Supreme Court abused its discretion in concluding that plaintiff was reasonably justified in failing to originally present such evidence and granting his motion to renew (see CPLR 2221 [e] [3]; compare Cippitelli v County of Schenectady, 307 AD2d 658, 658 [2003]).

Turning to the merits, we conclude that Supreme Court did not err in denying defendant's summary judgment motion. O'Halloran indicated in her affidavit that she was a guest at defendant's July 2003 party and, although she did not see plaintiff fall, she drove him to the hospital shortly afterwards. O'Halloran stated that, prior to doing so, plaintiff realized he no longer had his prescription medication and asked her to go retrieve it at "the side of the house near where he fell." In doing so, O'Halloran averred that she almost fell into a trench on defendant's property that was approximately "[five] inches deep and several feet wide." She then found plaintiff's medication next to that hole and returned it to him.

Defendant maintains that, among other things, plaintiff's vague account of the circumstances surrounding his fall mandates summary judgment in his favor. However, considering plaintiff's description of the accident and O'Halloran's observations, combined with, among other things, defendant's acknowledgment regarding the lack of lighting in the area where plaintiff claims to have fallen as well as his description of the ongoing renovation projects in his yard, we conclude that plaintiff offered "[s]omething more than speculation" in alleging that his injuries were caused by defendant's negligence (*Oliveira v County of Broome*, 5 AD3d 898, 899 [2004]; *see Gayle v City of New York*, 92 NY2d 936, 937 [1998]; *Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743 [1986]). Therefore, viewing the evidence and the logical inferences to be drawn therefrom in the light most favorable to plaintiff as the nonmoving party, summary judgment was properly denied (*see Green v Kalimian*, 257 AD2d 912, 913 [1999]; *Rekemeyer v Knickerbocker Furniture Co.*, 222 AD2d 873, 874 [1995]).

Mercure, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.