■ JASON POMERANTZ, Appellant, v IN-STRIDE, INC., Respondent, et al., Defendant. [835 NYS2d 589]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), entered March 14, 2006, as, upon granting that branch of the motion of the defendant In-Stride, Inc., which was for leave to amend its answer to assert the affirmative defense of a discharge in bankruptcy, granted that branch of the motion which was, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against the defendant In-Stride, Inc., on the ground of discharge in bankruptcy.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against the defendant In-Stride, Inc., on the ground of discharge in bankruptcy is denied.

In September 2001 the infant plaintiff allegedly was injured while wearing sneakers manufactured and/or distributed by the defendant In-Stride, Inc. (hereinafter In-Stride). The infant plaintiff, by his mother, subsequently commenced this action against In-Stride and the defendant Journeys, the alleged distributor and/or seller of the sneakers. Answers were served by both defendants. During the course of the action, In-Stride declared bankruptcy under chapter 11 of the United States Bankruptcy Code and eventually was discharged by the United States Bankruptcy Court for the Western District of Texas.

Subsequent thereto, In-Stride moved, inter alia, for leave to amend its answer to assert the affirmative defense of a discharge in bankruptcy and, in effect, pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against it on the ground of discharge in bankruptcy. The Supreme Court granted that relief. We reverse the order insofar as appealed from.

Contrary to the Supreme Court's determination, even though In-Stride's debts were discharged in bankruptcy, the complaint in this action, insofar as it was asserted against In-Stride, should not have been dismissed. It is clear from both the plaintiff's opposition papers and his brief that the plaintiff is seeking to pursue this action solely for the purpose of obtaining a judgment or settlement so as to be able to proceed directly against In-Stride's liability insurer under Insurance Law § 3420. Such an action is permitted even after a discharge in bankruptcy (*see Lang v Hanover Ins. Co.,* 3 NY3d 350, 355, 356 [2004]; *Roman v*

*Hudson Tel. Assoc.*, 11 AD3d 346, 347 [2004]; *Presutti v Suss*, 254 AD2d 785 [1998]; *Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 625 [1995]; *see also Green v Welsh*, 956 F2d 30, 33-34 [1992]; *cf. Resolution Trust Corp. v Independent Church of Realization of Word of God*, 259 AD2d 683 [1999]). Accordingly, the complaint should not have been dismissed insofar as asserted against In-Stride. Rivera, J.P., Ritter, Goldstein and Angiolillo, JJ., concur.