■  MARGARETTA FOXWORTH, Respondent, v JOHN JENKINS, Defendant, and ARTHUR E. PHILLIPS, Appellant. [875 NYS2d 366]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered March 12, 2008 in a personal injury action. The order, insofar as appealed from, denied that part of the motion of defendant Arthur E. Phillips for leave to renew his motion to vacate a default judgment and order awarding damages against him.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, that part of the motion for leave to renew is granted and, upon renewal, the motion to vacate the default judgment and order awarding damages is granted, the judgment entered July 26, 2006 and the order dated October 26, 2006 are vacated in their entirety, and defendant Arthur E. Phillips is granted 20 days from service of the order of this Court with notice of entry to serve and file an answer.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the motor vehicle she was operating was rear-ended by a vehicle owned by defendant Arthur E. Phillips and operated by defendant John Jenkins. On a prior appeal, we affirmed the order denying the motion of Phillips seeking, inter alia, to vacate the default judgment against him (*Foxworth v Jenkins*, 48 AD3d 1261 [2008]).

We conclude that Supreme Court erred in denying that part of the motion of Phillips for leave to renew his motion to vacate the default judgment and order awarding damages against him. "A motion for leave to renew must be based upon new facts that were unavailable at the time of the original motion" and that would change the prior determination (*Boreanaz v Facer-Kreidler*, 2 AD3d 1481, 1482 [2003]; *see* CPLR 2221 [e] [2]). "Although a court has discretion to grant renewal, in the interest of justice, upon facts which were known to the movant at the time the original motion was made . . . , it may not exercise that discretion unless the movant establishes a reasonable justification for the failure to present such facts on the prior motion" (*Robinson v Consolidated Rail Corp.*, 8 AD3d 1080 [2004] [internal quotation marks omitted]). Here, the affidavit of Jenkins submitted in support of the motion for leave to renew presents new facts with respect to the cause of the collision, and Phillips offered a reasonable excuse for failing to submit the affidavit in support of his prior motion inasmuch as Jenkins could not be located for approximately one year from the time Phillips learned of the default judgment against him. Moreover, the affidavit of Jenkins provided a nonnegligent explanation for the collision (*see Ramadan v Maritato*, 50 AD3d 1620, 1621 [2008]). Present—Scudder, P.J., Hurlbutt, Martoche, Green and Gorski, JJ.