■ V. Veeraswamy Realty, Respondent, v Yenom Corp. et al., Appellants. [895 NYS2d 860]—

In an action to recover a real estate broker's commission, the defendants appeal from an order of the Supreme Court, Queens County (Weiss, J.), dated March 23, 2009, which granted the plaintiff's motion for leave to reargue its prior motion, inter alia, to vacate the dismissal of the action, which had been denied in an order dated November 13, 2008, and, upon reargument, in effect, vacated the order dated November 13, 2008, and thereupon granted the motion, among other things, to vacate the dismissal of the action.

Ordered that the order dated March 23, 2009, is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion for leave to reargue is denied, and the order dated November 13, 2008, is reinstated.

A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221 [d] [2]). While the determination to grant leave to reargue a motion lies within the sound discretion of the court (*see Barnett v Smith*, 64 AD3d 669, 670-671 [2009]; *Long v Long*, 251 AD2d 631 [1998]; *Loland v City of New York*, 212 AD2d 674 [1995]), a motion for leave to reargue "is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (*McGill v Goldman*, 261 AD2d 593, 594 [1999]; *see Woody's Lbr. Co., Inc. v Jayram Realty Corp.*, 30 AD3d 590, 592-593 [2006]; *Foley v Roche*, 68 AD2d 558, 567-568 [1979]). Here, the plaintiff merely advanced arguments that had not been presented in its previous motion, and made no effort to demonstrate to the court in what manner it had either overlooked or misapprehended the relevant facts or law. Accordingly, it was an improvident exercise of discretion to grant leave to reargue. Rivera, J.P., Florio, Dickerson, Belen and Roman, JJ., concur.