■ ARLENE S. GARLAND, As Executrix of RICHARD T. SHANOR and GANELLE M. SHANOR, Deceased, Appellant-Respondent, v RLI INSURANCE COMPANY, Respondent-Appellant, et al., Defendant. [914 NYS2d 509]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered April 28, 2009. The order granted the motion of plaintiff for leave to renew and reargue and, upon reargument, denied the motion of plaintiff and the cross motion of defendant RLI Insurance Company for summary judgment.

It is hereby ordered that the order so appealed from is reversed on the law without costs and the motion for leave to renew and reargue is denied.

Memorandum: Supreme Court erred in granting the motion of plaintiff seeking leave to "renew and reargue" her motion for, inter alia, summary judgment on the complaint and to reargue her opposition to the cross motion of RLI Insurance Company (defendant) for summary judgment dismissing the complaint against it. With respect to that part of the motion seeking leave to renew, it "must be based upon new facts that were unavailable at the time of the original motion" (*Boreanaz v Facer-Kreidler*, 2 AD3d 1481, 1482 [2003]; *see Foxworth v Jenkins*, 60 AD3d 1306 [2009]). "Although a court has discretion to 'grant renewal, in the interest of justice, upon facts [that] were known to the movant at the time the original motion was made' . . . , it may not exercise that discretion unless

the movant establishes a 'reasonable justification for the failure to present such facts on the prior motion' " (*Robinson v Consolidated Rail Corp.*, 8 AD3d 1080 [2004]; *see Foxworth*, 60 AD3d 1306 [2009]). Here, the allegedly "new" evidence submitted by plaintiff consists of an affidavit of her attorney detailing his efforts to ascertain the insurance coverage in question from the time that he was retained until plaintiff notified defendant of the accident, approximately 20 months later. It is undisputed that those facts were known to plaintiff at the time of her prior motion, and the only excuse provided by plaintiff for failing to submit the affidavit of her attorney in support of that motion was her mistaken belief that such facts were not relevant to the issue whether her notice to defendant was timely. We conclude that, under the circumstances of this case, the inability of plaintiff to identify the applicable legal standard does not constitute a reasonable justification for her failure to submit the affidavit in support of the prior motion (*see generally Valenti v Exxon Mobil Corp.*, 50 AD3d 1382, 1383 [2008]; *Zarecki & Assoc., LLC v Ross*, 50 AD3d 679 [2008]; *Reshevsky v United Water N.Y., Inc.*, 46 AD3d 532 [2007], *lv dismissed* 10 NY3d 785 [2008]).

With respect to those parts of the motion of plaintiff seeking leave to reargue her prior motion and her opposition to defendant's cross motion, they must be "based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion [and cross motion]" (CPLR 2221 [d] [2]). "Reargument does not provide a party 'an opportunity to advance arguments different from those tendered on the original application' " (*Rubinstein v Goldman*, 225 AD2d 328, 328 [1996], *lv denied* 88 NY2d 815 [1996]). Here, those parts of plaintiff's motion seeking leave to reargue were premised upon a legal theory not advanced in support of the original motion or in opposition to defendant's cross motion, and thus they should have been denied (*see V. Veeraswamy Realty v Yenom Corp.*, 71 AD3d 874 [2010]).

All concur except Sconiers, J., who dissents and votes to affirm in the following memorandum.

Sconiers, J. (dissenting). I respectfully dissent, inasmuch as I disagree with my colleagues that Supreme Court erred in granting the motion of plaintiff seeking leave to "renew and reargue" her motion for, inter alia, summary judgment on the complaint and to reargue her opposition to the cross motion of RLI Insurance Company (defendant) for summary judgment dismissing the complaint against it. In granting that part of the motion seeking leave to renew, the court carefully considered the fac-

tors set forth in CPLR 2221 (e) and specifically addressed "[t]he critical issue . . . whether plaintiff . . . presented a reasonable justification for her failure to present such facts on the prior motion." In addition to concluding "that plaintiff . . . furnished a reasonable justification for failing to adduce the new facts on the prior motion," the court understandably was "not inclined to ignore the newly determinative fact that plaintiff . . . may . . . have exercised due diligence in attempting to ascertain the tortfeasors' insurance situation[, especially where] ignor[ing] that critical fact would be to deprive plaintiff of significant legal rights[ ] and to permit an unjustified evasion of defendant['s] . . . significant contractual responsibilities."

In a case such as this, where the court gave due weight and consideration to the relevant factors in granting that part of the motion seeking leave to renew, we should not second guess the court's exercise of discretion, especially where doing so would deprive a party of a determination on the merits. It is one thing to reverse an order denying a motion seeking leave to renew and thereby decide a case on the merits (see Foxworth v Jenkins, 60 AD3d 1306 [2009]), but it is quite another to reverse an order granting a motion seeking leave to renew, thus depriving a party of the benefit of a determination on the merits. This Court has been, and should be, reluctant to do so. In fact, I could find only one instance since CPLR 2221 was amended in 1999 where this Court reversed an order granting a motion seeking leave to renew, and that was in a case where virtually no justification was provided for the "failure to produce the additional proof on the prior motion" (Robinson v Consolidated Rail Corp., 8 AD3d 1080 [2004]). Further, this Court has not previously reversed an order granting a motion seeking leave to reargue where the motion was timely.

When CPLR 2221 was substantially amended in 1999, the Committee on Civil Practice Law and Rules of the New York State Bar Association (hereafter, Committee) approved the legislation but noted that it was divided because some members of the Committee expressed concern that the "legislation . . . might be interpreted to . . . effectively deprive courts of flexibility needed in this area" (Mem of Committee, Bill Jacket, L 1999, ch 281). In supporting the legislation, however, the Committee concluded that "[t]he new proposal does allow for judicial discretion and flexibility" (id.). Unfortunately, it appears that those concerns were warranted (see e.g. V. Veeraswamy Realty v Yenom Corp., 71 AD3d 874 [2010]). The fundamental and overriding purpose of CPLR 2221 should be to give courts and litigants every reasonable opportunity to obtain the legally cor-

rect and just result based on the merits of the case. Here, while plaintiff may have ultimately been unsuccessful in recovering the proceeds of the insurance policy in question, she should have been afforded the opportunity to resolve her claim for coverage on the merits. I therefore would affirm the order for the reasons stated at Supreme Court. Present—Scudder, P.J., Centra, Peradotto, Sconiers and Pine, JJ.