GENEVIEVE ROLLO, Appellant, v SERVICO NEW YORK, INC., et al., Respondents. [914 NYS2d 811]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered December 23, 2009 in a personal injury action. The order granted the motion of defendants for leave to renew their motion for summary judgment and, upon renewal, dismissed the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion to dismiss the complaint and reinstating the complaint and as modified the order is affirmed without costs.

Memorandum: In December 2000 plaintiff allegedly fell and sustained injuries on defendants' property. Defendants filed for bankruptcy under chapter 11 of the Bankruptcy Code less than one year after the accident, and they were discharged from liability for, inter alia, personal injury claims. Plaintiff did not file a proof of claim in the bankruptcy proceedings. In May 2007, however, plaintiff commenced this action seeking damages for the injuries that she sustained in the December 2000 accident on defendants' property.

Defendants moved to dismiss the complaint on the ground that the action was precluded by the discharge in bankruptcy. Supreme Court denied the motion, concluding that plaintiff was permitted to maintain the action "only to the extent [that defendants have] insurance coverage that is applicable." Defendants thereafter moved for leave to renew their motion on the ground that no insurance coverage was applicable and thus that the complaint should be dismissed. We conclude that the court properly granted that part of the motion for leave to renew. "Although[,] as a general rule[,] a motion for renewal should be based on newly-discovered facts, [that] requirement is not an inflexible one, and the court has the discretion to grant renewal even upon facts known to the movant at the time of the original

motion" (*Argento v Wal-Mart Stores, Inc.*, 66 AD3d 930, 933 [2009]; *see Foxworth v Jenkins*, 60 AD3d 1306 [2009]). Inasmuch as the original motion focused on defendants' discharge in bankruptcy and did not address the amount and extent of available insurance, the court properly exercised its discretion in granting the motion, despite defendants' failure to allege newly discovered facts (*see Foxworth*, 60 AD3d 1306 [2009]).

Upon granting leave to renew, however, the court erred in granting defendants' motion to dismiss the complaint on the ground that no insurance coverage was applicable, and we therefore modify the order accordingly. It is well established that a bankruptcy discharge "does not bar a plaintiff in a personal injury action from obtaining a judgment against the bankrupt defendant[s] for the limited purpose of pursuing payment from defendant[s'] insurance carrier" (*Lang v Hanover Ins. Co.*, 3 NY3d 350, 355 [2004]; *see Pomerantz v In-Stride, Inc.*, 39 AD3d 522, 523-524 [2007]; *Roman v Hudson Tel. Assoc.*, 11 AD3d 346 [2004]). Defendants contend that no insurance is available because their insurer's obligations under the applicable general liability policy (policy) are not triggered until the self-insured retention (SIR) amount is satisfied, and the SIR will never be satisfied because defendants' obligations to pay thereunder were discharged in bankruptcy. We reject that contention. "[A]s with the construction of contracts generally, 'unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court' " (*Vigilant Ins. Co. v Bear Stearns Cos., Inc.*, 10 NY3d 170, 177 [2008]; *see Lattimore Rd. Surgicenter, Inc. v Merchants Group, Inc.*, 71 AD3d 1379, 1380 [2010]). Here, the unambiguous provisions of the endorsement to the policy provide that the insurer is obligated to provide coverage in excess of the SIR irrespective of whether the SIR is satisfied (*see generally Admiral Ins. Co. v Grace Indus., Inc.*, 409 BR 275, 279-280 [2009]).

Even assuming, arguendo, that the policy endorsement is ambiguous or that it expressly conditions the insurer's coverage obligation on satisfaction of the SIR, we conclude that Insurance Law § 3420 (a) (1) "makes clear that bankruptcy does not relieve the insurance company of its obligation to pay damages for injuries or losses covered under an existing policy" (*Lang*, 3 NY3d at 355). Thus, defendants' insurer remains obligated to pay damages for injuries or losses covered under the policy, despite the fact that defendants' obligation to satisfy the SIR was discharged through the bankruptcy proceedings (*see generally Lang*, 3 NY3d at 355-356; *Roman*, 11 AD3d 346 [2004]; *Admiral*

*Ins. Co.*, 409 BR at 281-282), and plaintiff is permitted to prosecute the action to "obtain[ ] a judgment against the bankrupt defendant[s] for the limited purpose of pursuing payment from defendant[s'] insurance carrier" (*Lang*, 3 NY3d at 355). Present—Martoche, J.P., Centra, Fahey, Lindley and Sconiers, JJ.