# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**138**
**CA 10-01183**
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

CHARLES R. KIRBY AND BRANDY L. KIRBY,
PLAINTIFFS-RESPONDENTS,

               V                    MEMORANDUM AND ORDER

SUBURBAN ELECTRICAL ENGINEERS CONTRACTORS, INC.,
DEFENDANT-APPELLANT,
MARQUIP WARD UNITED, LLC, ET AL., DEFENDANTS.

---

HISCOCK & BARCLAY, LLP, ROCHESTER (SCOTT P. ROGOFF OF COUNSEL), FOR
DEFENDANT-APPELLANT.

ANTHONY F. ENDIEVERI, CAMILLUS, FOR PLAINTIFFS-RESPONDENTS.

---

    Appeal from an order of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered March 12, 2010 in a personal injury action. The order, insofar as appealed from, granted in part plaintiffs' motion for leave to renew and upon renewal denied the cross motion of defendant Suburban Electrical Engineers Contractors, Inc. for summary judgment.

    It is hereby ORDERED that the order insofar as appealed from is reversed on the law without costs and plaintiffs' motion is denied.

    Memorandum: Supreme Court erred in granting that part of plaintiffs' motion seeking leave to renew their opposition to the cross motion of defendant Suburban Electrical Engineers Contractors, Inc. (Suburban) for summary judgment dismissing the amended complaint against it and, upon renewal, denying the cross motion. Although a court has discretion to "grant renewal, in the interest of justice, upon facts [that] were known to the movant[s] at the time the original motion was made" (*Tishman Constr. Corp. of N.Y. v City of New York*, 280 AD2d 374, 376), it may not exercise that discretion unless the movants establish a "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]; *see Robinson v Consolidated Rail Corp.*, 8 AD3d 1080; *Greene v New York City Hous. Auth.*, 283 AD2d 458). Here, plaintiffs failed to demonstrate that their purported new evidence was not in existence or not available at the time of Suburban's cross motion (*see Patel v Exxon Corp.*, 11 AD3d 916). In support of their motion for leave to renew, plaintiffs submitted the affidavits of two employees of International Paper, where the machine that caused the injury at issue was located. We conclude, however, that the information presented in those affidavits could have been discovered and presented earlier with

due diligence (*see Ford v Lasky*, 300 AD2d 536).  Indeed, the evidence submitted in support of the motion for leave to renew "was within the purview of plaintiff[s'] knowledge at the time" of Suburban's cross motion (*Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1303).  The record establishes that a private investigator for plaintiffs met with one of those employees, Daniel Scharrett, in 2006 and obtained a statement from him, ostensibly in the form of an affidavit.  Although the court concluded that Scharrett's statement was not in admissible form because it was not properly sworn, Scharrett was known to plaintiffs and available to speak to their investigator in 2006.  Plaintiffs filed a note of issue in August 2008, indicating their readiness for trial.  Plaintiffs thereafter requested that the investigator locate Scharrett for the purpose of deposing him or to subpoena him for trial.  The dissent's reliance upon *De Cicco v Longendyke* (37 AD3d 934) is misplaced.  Here, plaintiffs had already secured a purported affidavit from Scharrett prior to Suburban's cross motion and did not submit an affidavit attesting to their efforts to obtain additional information from Scharrett for the purpose of defeating the cross motion.

All concur except FAHEY, J., who dissents and votes to affirm in the following Memorandum:  I respectfully dissent.  I cannot agree with the majority that Supreme Court erred in granting that part of plaintiffs' motion seeking leave to renew their opposition to the cross motion of defendant Suburban Electrical Engineers Contractors, Inc. (Suburban) for summary judgment dismissing the amended complaint against it.  I therefore would affirm as a matter of law.

This appeal arises from a November 10, 2004 incident in which Charles R. Kirby (plaintiff) was injured during the course of his employment with International Paper at one of its plants.  The accident occurred after plaintiff lifted a safety gate on a "slitter" machine (hereafter, slitter) on a production line containing knives and arbors that cut cardboard to a certain length and width before it was stacked and prepared for shipping.  The slitter should have stopped running when the safety gate was lifted, but it did not.  Plaintiff, unaware of the malfunction of the slitter, put his left hand into that machine to unclog a significant cardboard jam in the trim chute, and one of the arbors cut off most of that hand.

In October 2004, shortly before the accident, a "knife and stacker" device (hereafter, stacker) was installed on the same production line as the slitter by Suburban and defendants Marquip Ward United, LLC "and/or" Marquip Ward United, Inc. (collectively, Marquip defendants).  Suburban assembled and ran the wiring for the stacker, while the Marquip defendants completed the "technical work" by "working out the bugs to the machine" and making it "run again."  Shortly after the accident, an investigation confirmed that the slitter continued to operate when the safety gate was raised, which was an obvious malfunction inasmuch as the safety gate is designed to stop the slitter within a few seconds of the time at which it is opened.

Plaintiffs subsequently commenced this action seeking damages for

injuries sustained by plaintiff in the accident.  Plaintiffs filed a note of issue in August 2008, and Suburban moved to strike, inter alia, the note of issue.  The court denied the motion but, inter alia, ordered that defendants were entitled to depose Daniel Scharrett, one of plaintiff's coworkers, within 60 days of December 24, 2008 and that any additional depositions were also to be completed within that time period.

Scharrett was never deposed, and the Marquip defendants and Suburban eventually moved and cross-moved, respectively, for summary judgment dismissing the amended complaint.  The court granted the motion and cross motion in June 2009, determining that, in opposition to the motion and cross motion, plaintiffs failed to raise a triable issue of fact whether defendants created or exacerbated the dangerous condition, i.e., the faulty safety gate, by improperly connecting the wires to the circuit box attached to the slitter.

Plaintiffs moved for leave to renew their opposition to the motion and cross motion in August 2009.  In support of their motion, plaintiffs submitted the affidavit of a private investigator who explained why Scharrett had never been deposed.  According to that private investigator, Scharrett traveled with a carnival.  The investigator had located Scharrett in North Carolina in October 2006, but plaintiffs' attorney was not present and thus did not interview him at that time.  The investigator unsuccessfully searched for Scharrett for several months beginning in approximately November 2008 for the purpose of facilitating his deposition and finally located him subsequent to the determination of the summary judgment motion and cross motion through the use of an Internet search engine for public records databases.

Plaintiffs' attorney thereafter met with Scharrett and, as a result of that meeting, Scharrett executed an affidavit that led to further conferences between plaintiffs and their expert engineer, as well as contact between plaintiffs' attorney and other coworkers of plaintiff.  The further investigation that flowed from those meetings produced evidence that the negligence of Suburban in the installation of the stacker and incidental rewiring of parts of the production line caused the accident.

Plaintiffs submitted the foregoing evidence in support of their motion for leave to renew.  The court granted that part of the motion with respect to Suburban's cross motion and, upon renewal, denied the cross motion.  In doing so, the court properly relied on *De Cicco v Longendyke* (37 AD3d 934).  In *De Cicco*, the Third Department determined that the court did not abuse its discretion in granting the plaintiff's motion to renew his opposition to the defendant's motion for summary judgment, concluding that the plaintiff was reasonably justified in failing to present certain evidence in opposition to the motion because of the relocation of the nonparty witness from whom that evidence was obtained (*id.* at 935).

As the Third Department declined to do in *De Cicco*, we should not interfere with the court's proper exercise of discretion in

determining the motion for leave to renew.  Even assuming, arguendo, that the evidence discovered after plaintiffs' investigator located Scharrett in 2009 could have been presented at the time Suburban's cross motion was made (cf. *Foxworth v Jenkins*, 60 AD3d 1306), I cannot agree with the majority that plaintiffs failed to offer a reasonable justification for their failure to submit that evidence in opposition to the cross motion (see *Matter of Lutheran Med. Ctr. v Daines*, 65 AD3d 551, 553, *lv denied* 13 NY3d 712; *see generally* CPLR 2221 [e] [3]).  The record establishes that Scharrett's work with a traveling carnival limited plaintiffs' ability to interview him carefully and completely during the early stages of this case and that plaintiffs reinvigorated their efforts to contact Scharrett well before the motion and cross motion for summary judgment were filed.  Although an Internet search led to the discovery of Scharrett's whereabouts in relatively short order, that technology, while no longer nascent, is far from established, and the apparent lack of familiarity and expertise of plaintiffs' attorney with that science does not support denial of the renewal motion.

Consequently, in view of Scharrett's transient lifestyle, I cannot conclude that the court abused its discretion in determining that plaintiffs were reasonably justified in failing to present the evidence that flowed from the 2009 meeting with Scharrett in opposition to Suburban's cross motion (see *De Cicco*, 37 AD3d at 935). Motions for leave to renew are addressed to the sound discretion of the court, and the majority's decision here is contrary to the ends of justice and incompatible with the judicial flexibility that CPLR 2221 is intended to provide (see Mem of NY State Bar Assn Comm on CPLR, Bill Jacket, L 1999, ch 281, at 6-7; *see e.g. Hamlet at Willow Cr. Dev. Co., LLC v Northeast Land Dev. Corp.*, 64 AD3d 85, 100, *lv dismissed* 13 NY3d 900; *Matter of Gold v Gold*, 53 AD3d 485, 487; *see generally Garland v RLI Ins. Co.*, 79 AD3d 1576, 1577-1579 [Sconiers, J., dissenting]).  Indeed, "[t]he fundamental and overriding purpose of CPLR 2221 should be to give courts and litigants every reasonable opportunity to obtain the legally correct and just result based on the merits of the case" (*Garland*, 79 AD3d at 1578-1579).

Finally, I conclude that the court properly denied Suburban's cross motion for summary judgment upon renewal.  Although " 'a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party' " (*Cumbo v Dormitory Auth. of State of N.Y.*, 71 AD3d 1513, 1514, quoting *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138; *see Church v Callanan Indus.*, 99 NY2d 104, 111), " 'a defendant who undertakes to render services and then negligently creates or [exacerbates] a dangerous condition may be liable for any resulting injury' " (*Cumbo*, 71 AD3d at 1514, quoting *Espinal*, 98 NY2d at 141-142).  Here, Suburban submitted evidence that it did not work on the slitter and thus met its initial burden of establishing that it did not create or exacerbate the allegedly dangerous condition (*see generally Espinal*, 98 NY2d at 141-142).  In opposition to the cross motion, however, plaintiffs raised a triable issue of fact whether Suburban created the allegedly dangerous

condition giving rise to plaintiff's injury (*see* *generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  April 1, 2011                    Patricia L. Morgan
                                           Clerk of the Court