# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**601**
**CA 13-02033**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, AND LINDLEY, JJ.

---

DIPIZIO CONSTRUCTION COMPANY, INC.,
PLAINTIFF-PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

ERIE CANAL HARBOR DEVELOPMENT CORPORATION,
DEFENDANT-RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

---

PHILLIPS LYTLE LLP, BUFFALO (KENNETH A. MANNING OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT.

HISCOCK & BARCLAY, LLP, BUFFALO (MICHAEL E. FERDMAN OF COUNSEL), FOR
PLAINTIFF-PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered November 1, 2013. The order granted the motion of plaintiff-petitioner seeking leave to renew and, upon renewal, directed that defendant-respondent shall not compromise or take any action that would effectively compromise plaintiff-petitioner's claims against it.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Supreme Court erred in granting the motion of plaintiff-petitioner (plaintiff) seeking leave to renew its prior motion to enjoin defendant-respondent (defendant) from terminating the construction agreement (Contract) between the parties (*see DiPizio Constr. Co., Inc. v Erie Canal Harbor Dev. Corp.* [appeal No. 1], ___ AD3d ___ [Aug. 8, 2014]), and, upon renewal, granting plaintiff the injunctive relief sought. It is well established that a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination," and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [2], [3]; *see Luppino v Mosey*, 103 AD3d 1117, 1118). Plaintiff, as the movant, "bore the burden of proving that the new evidence [it] sought to present could not have been discovered earlier with due diligence and would have led to a different result" (*Matter of Lamar Cent. Outdoor, LLC v State of New York*, 64 AD3d 944, 951). We conclude that plaintiff failed to meet its burden.

In denying plaintiff's initial motion for an injunction, the court concluded that plaintiff would not suffer irreparable harm inasmuch as

plaintiff had an adequate remedy at law, i.e., monetary damages against defendant.  In seeking leave to renew, plaintiff contended that, following the denial of the initial motion, defendant terminated the Contract with plaintiff and thereafter pursued settlement negotiations with plaintiff's surety, Travelers Insurance Company (Travelers), while excluding plaintiff from the negotiations.  Plaintiff thus contended that such new evidence established that plaintiff would be unable to secure money damages against defendant and would have led to a different result on the initial motion for injunctive relief.

It is undisputed that, before the initial motion, Travelers began sending representatives to meetings in an effort to negotiate a settlement between the parties.  It is also undisputed that Travelers had entered into a surety agreement with plaintiff long before the initial motion was heard.  We therefore conclude that the ongoing negotiations and Traveler's involvement in the process were "within the purview of plaintiff's knowledge at the time" of plaintiff's original motion (*Tibbits v Verizon N.Y., Inc.*, 40 AD3d 1300, 1303; *see Kirby v Suburban Elec. Engrs. Contrs., Inc.*, 83 AD3d 1380, 1381, *lv dismissed* 17 NY3d 783).  To the extent that plaintiff now contends that its exclusion from the negotiations constitutes new evidence that would change the result, we reject that contention.  Plaintiff failed to submit any evidence, such as the surety agreement, to support its contention that the ongoing negotiations between defendant and Travelers constitutes new evidence that will impact plaintiff's ability to secure its remedy against defendant.  If in fact that surety agreement, had it been submitted, would have supported plaintiff's contention that plaintiff had lost the ability to secure an adequate remedy at law, we conclude that plaintiff failed to demonstrate that the evidence "was not in existence or not available at the time of [the original motion]" (*Kirby*, 83 AD3d at 1381).  Thus, plaintiff could have submitted that surety agreement in support of the original motion.  "Although a court has discretion to 'grant renewal, in the interest of justice, upon facts [that] were known to the movant[] at the time the original motion was made' . . . , it may not exercise that discretion unless the movant[] establish[es] a 'reasonable justification for the failure to present such facts on the prior motion' " (*id.*, quoting CPLR 2221 [e] [3]).  Plaintiff provided no such justification.

Based on our determination, we do not address defendant's remaining contentions.

Entered:  August 8, 2014                          Frances E. Cafarell
                                                  Clerk of the Court