Matter of Erie County Dept. of Social Servs. v Bower (2019 NY Slip Op 08314)





Matter of Erie County Dept. of Social Servs. v Bower


2019 NY Slip Op 08314


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1044 CAF 19-00416

[*1]IN THE MATTER OF ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, ON BEHALF OF KELLY STRIKER, PETITIONER-APPELLANT,
v
WADE BOWER, RESPONDENT-RESPONDENT. 






JAMES HARMON, BUFFALO, FOR PETITIONER-APPELLANT. 


 Appeal from an order of the Family Court, Erie County (Deanne M. Tripi, J.), entered August 16, 2018 in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's objection to an order of dismissal of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order of Family Court that denied its objection to the order of the Support Magistrate dismissing its modification petition seeking from respondent father certain confinement costs incurred at the birth of the subject child. We affirm.
In 1992, an order of filiation and support (1992 order) was entered on consent of the parties, which required the father to, inter alia, pay child support and obtain health insurance for the subject child. It also established the value of the confinement costs. Crucially, however, an ordering paragraph in the preprinted 1992 order that could have been used to direct a party—e.g., the father—to pay the amount of the costs incurred at the child's birth was intentionally crossed out and left incomplete, and there is no language in the 1992 order compelling either party to pay those costs. Approximately 26 years later, petitioner filed a modification petition seeking an order requiring the father to pay those costs, arguing that he now could afford to pay them. On the father's motion, the Support Magistrate dismissed the petition. Contrary to petitioner's contentions on appeal, we conclude that the court properly denied its objection to the Support Magistrate's order.
Although the factual findings of the Support Magistrate are entitled to great deference (see generally Matter of DeNoto v DeNoto, 96 AD3d 1646, 1648 [4th Dept 2012]), the interpretation of a consent order like the 1992 order presents a question of law permitting de novo review thereof because it is akin to a contract between the parties (see generally Rollo v Servico N.Y., Inc., 79 AD3d 1799, 1800 [4th Dept 2010]; Matter of Hanlon v Hanlon, 62 AD3d 702, 703-704 [2d Dept 2009]). Even assuming, arguendo, that the court improperly deferred to the Support Magistrate's findings, we conclude that both the Support Magistrate and the court properly held that the plain language of the 1992 order does not require the father to pay the confinement costs incurred at the child's birth (see Biggio v Biggio, 110 AD3d 654, 655 [2d Dept 2013], lv denied 22 NY3d 860 [2014]). Moreover, we note the absence of any language in the 1992 order holding the payment of those costs in abeyance until such time as the father is capable of providing payment, and we decline to read such language into the order.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court