Degraw Constr. Group, Inc. v McGowan Bldrs., Inc. (2019 NY Slip Op 08821)





Degraw Constr. Group, Inc. v McGowan Bldrs., Inc.


2019 NY Slip Op 08821


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-12386
 (Index No. 8072/14)

[*1]Degraw Construction Group, Inc., respondent,
v
McGowan Builders, Inc., et al., appellants, et al., defendants.


Law Firm of Joseph J. Hocking LLC, New York, NY, for appellants.
Zisholtz & Zisholtz, LLP, Garden City, NY (Joseph McMahon of counsel), for respondent.



DECISION & ORDER
In a consolidated action, inter alia, to foreclose mechanic's liens, the defendants McGowan Builders, Inc., and Liberty Mutual Insurance Company appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated September 4, 2018. The order granted the plaintiff's motion for leave to reargue its opposition to the prior motion of the defendants McGowan Builders, Inc., and Liberty Mutual Insurance Company for summary judgment dismissing the complaints insofar as asserted against them, and for summary judgment on their counterclaims to declare the plaintiff's mechanic's liens void and for damages pursuant to Lien Law § 39-a, which had been granted in an order of the same court dated September 5, 2017, and, upon reargument, in effect, vacated the order dated September 5, 2017, and thereupon denied the prior motion.
ORDERED that the order dated September 4, 2018, is reversed, on the facts and in the exercise of discretion, with costs, the plaintiff's motion for leave to reargue is denied, and the order dated September 5, 2017, is reinstated.
A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). While the determination to grant leave to reargue lies within the sound discretion of the court (see Barnett v Smith, 64 AD3d 669, 670-671; Long v Long, 251 AD2d 631; Loland v City of New York, 212 AD2d 674), a motion for leave to reargue "is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented" (McGill v Goldman, 261 AD2d 593, 594; see Woody's Lbr. Co., Inc. v Jayram Realty Corp., 30 AD3d 590, 593; Foley v Roche, 68 AD2d 558, 567-568).
Here, the Supreme Court improvidently exercised its discretion in granting the plaintiff's motion for leave to reargue, since the plaintiff failed to show that the court overlooked or misapprehended the relevant facts or misapplied any controlling principle of law, and the plaintiff's submissions improperly presented arguments not previously advanced on the original motion (see CPLR 2221[d][2]; V. Veeraswamy Realty v Yenom Corp., 71 AD3d 874).
MASTRO, J.P., LEVENTHAL, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court