Nationwide Affinity Ins. Co. of Am. v PFJ Med. Care, P.C. (2020 NY Slip Op 00972)





Nationwide Affinity Ins. Co. of Am. v PFJ Med. Care, P.C.


2020 NY Slip Op 00972


Decided on February 7, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, TROUTMAN, AND BANNISTER, JJ.


1318 CA 19-01021

[*1]NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, NATIONWIDE GENERAL INSURANCE COMPANY, NATIONWIDE INSURANCE COMPANY OF AMERICA, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE ASSURANCE COMPANY, NATIONWIDE PROPERTY & CASUALTY, TITAN INDEMNITY COMPANY, VICTORIA FIRE & CASUALTY COMPANY AND VICTORIA AUTOMOBILE INSURANCE COMPANY, PLAINTIFFS-APPELLANTS,
v
PFJ MEDICAL CARE, P.C., DEFENDANT-RESPONDENT. -
NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, NATIONWIDE GENERAL INSURANCE COMPANY, NATIONWIDE INSURANCE COMPANY OF AMERICA, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE ASSURANCE COMPANY, NATIONWIDE PROPERTY & CASUALTY, TITAN INDEMNITY COMPANY, VICTORIA FIRE & CASUALTY COMPANY AND VICTORIA AUTOMOBILE INSURANCE COMPANY, PLAINTIFFS-APPELLANTS,
v
FJL MEDICAL SERVICES, P.C., DEFENDANT-RESPONDENT. 






HOLLANDER LEGAL GROUP, P.C., MELVILLE (ALLAN S. HOLLANDER OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.


 Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered April 24, 2019. The order denied plaintiffs' motions for leave to renew their motions seeking summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motions for leave to renew are granted and, upon renewal, the motions for summary judgment are granted, and judgment is granted in favor of plaintiffs as follows:
It is ADJUDGED and DECLARED that plaintiffs are under no obligation to pay or reimburse any of the subject claims.
Memorandum: Defendants are medical professional corporations that were assigned claims for no-fault benefits by individuals who purportedly received treatment for injuries allegedly sustained in motor vehicle accidents. Defendants submitted bills for the services they purportedly rendered, along with the assignment of benefit forms, to the insurance carrier plaintiffs (Nationwide plaintiffs) seeking reimbursement pursuant to the No-Fault Law and regulations (see Insurance Law art 51; 11 NYCRR part 65). The Nationwide plaintiffs commenced these declaratory judgment actions after defendants failed to appear at requested examinations under oath (EUOs), alleging that each defendant had breached a material condition precedent necessary to coverage. The Nationwide plaintiffs then moved in both actions for [*2]summary judgment declaring that, as a result of such breach, they were under no obligation to pay or reimburse any of the subject claims. Supreme Court denied the motions without prejudice to renew upon completion of discovery. After the Nationwide plaintiffs moved for leave to renew those motions and defendants filed opposition thereto, we issued a decision on an appeal in a related case in which we held that a defense based on nonappearance at an EUO is subject to the preclusion remedy and that, therefore, the Nationwide plaintiffs were required to establish that they issued timely denials on that ground (Nationwide Affinity Ins. Co. of Am. v Jamaica Wellness Med., P.C., 167 AD3d 192, 198 [4th Dept 2018] [Jamaica Wellness]). The Nationwide plaintiffs were thus limited to raising that decision in their reply papers, and the court denied the motions. Thereafter, the Nationwide plaintiffs moved for leave to renew the motions pursuant to CPLR 2221 (e) in light of our intervening decision in Jamaica Wellness and submitted, inter alia, a detailed affidavit of a claims specialist, the subject denial of claim forms, and affidavits of the operations manager of their third-party claims processor. The court denied the motions for leave to renew, and the Nationwide plaintiffs now appeal.
We agree with the Nationwide plaintiffs that the court abused its discretion in denying the motions for leave to renew. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221 [e] [2]). "Although a court has discretion to grant renewal, in the interest of justice, upon facts which were known to the movant at the time the original motion was made' . . . , it may not exercise that discretion unless the movant establishes a reasonable justification for the failure to present such facts on the prior motion' " (Robinson v Consolidated Rail Corp., 8 AD3d 1080, 1080 [4th Dept 2004]; see CPLR 2221 [e] [3]). Here, to establish their entitlement to summary judgment by making the requisite showing with respect to their defense to payment of the subject claims based upon defendants' nonappearance at the EUOs, the Nationwide plaintiffs submitted facts that were known to them but not offered on the prior motions for summary judgment (see CPLR 2221 [e] [2]). The Nationwide plaintiffs also established a reasonable justification for failing to present such facts on the prior motions inasmuch as this Court, in our intervening decision in Jamaica Wellness, held for the first time and in contrast to established precedent in another department that the defense based on nonappearance at an EUO is subject to the preclusion remedy and, therefore, that an insurance carrier seeking a declaration that it is not obligated to pay claims due to such nonappearance must establish, inter alia, that it issued timely and proper denials (167 AD3d at 197-198; see generally Foxworth v Jenkins, 60 AD3d 1306, 1307 [4th Dept 2009]).
We further agree with the Nationwide plaintiffs that they are entitled to summary judgment. Upon our review of the record, we conclude that the Nationwide plaintiffs met their burden as movants and that defendants failed to raise a triable issue of fact (see Nationwide Affinity Ins. Co. of Am. v Beacon Acupuncture, P.C., 175 AD3d 1836, 1837 [4th Dept 2019]).
Entered: February 7, 2020
Mark W. Bennett
Clerk of the Court