■ Donald Bopp et al., Appellants, v Institute for Forensic Psychology et al., Respondents. [642 NYS2d 89] —In an action, *inter alia,* to recover damages for defamation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered March 2, 1995, as granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action alleging libel.

Ordered that the order is affirmed insofar as appealed from, with costs.

As part of the application process for employment by the North Castle Police Department, the plaintiff Donald Bopp was required to submit to psychological testing. Mr. Bopp was tested by the defendant Jose M. Arcaya, the director of the defendant The Institute for Forensic Psychology. The defendant Arcaya forwarded the test results and a narrative report to the Police Department. Thereafter, Mr. Bopp was informed that another candidate had been selected for the position. Mr. Bopp and his wife subsequently commenced this action alleging, *inter alia,* that the defendants published defamatory statements in the report consisting of the written answers that Mr. Bopp provided on the tests.

The Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action alleging libel. The court concluded that the challenged statements were protected by a qualified privilege based on a common interest. It further found that the plaintiffs failed to submit proof sufficient to raise a triable issue of fact as to whether the defendants acted with malice. We agree.

A qualified privilege extends to a communication made by one person to another upon a subject in which both have an interest (*see, Liberman v Gelstein,* 80 NY2d 429, 437). To overcome a defense of qualified privilege, a plaintiff must make an evidentiary showing that the statements were published with malice (*see, Liberman v Gelstein, supra,* at 437; *Hollander v Cayton,* 145 AD2d 605, 606). Here, the plaintiffs failed to present any evidence sufficient to raise an issue of fact regarding the defendants' alleged malice (*see, Liberman v Gelstein, supra; Kamerman v Kolt,* 210 AD2d 454, 455). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action alleging libel. Balletta, J. P., Sullivan, Santucci and Altman, JJ., concur.