■ DONALD LEARY, Appellant, v FRANK P. DIBLASI, Respondent. [674 NYS2d 749] —In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Brien, J.), dated May 15, 1997, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff brought this action to recover damages for defa-

mation based upon a handwritten remark which the defendant inserted in his response to a customer satisfaction questionnaire sent to him by Mercedes Benz North America (hereinafter MBNA). The defendant stated, *inter alia*, that the dealership of which the plaintiff is Sales Manager "plays a game and tests your intelligence (deceitful, fraudulent, dishonest, disrespectful)". The Supreme Court granted the defendant's motion for summary judgment, finding that the statement constituted nonactionable opinion and, in any event, was subject to a qualified privilege because it was made on a matter in which the defendant and MBNA have a common interest.

The Supreme Court correctly granted the defendant's motion for summary judgment. The statement was conditionally privileged because the defendant made it to MBNA " 'upon a subject in which both have a common interest' " (*Liberman v Gelstein*, 80 NY2d 429, 437, quoting *Stillman v Ford*, 22 NY2d 48, 53), namely, customer service provided to Mercedes Benz owners (*cf., Elite Funding Corp. v Mid-Hudson Better Bus. Bur.*, 165 Misc 2d 497). Although this privilege does not apply where the plaintiff demonstrates that the defendant spoke with "malice" (*Liberman v Gelstein, supra,* at 437-438), in this case "there is nothing in this record from which a reasonable jury could find that [the defendant] was not seeking to advance that common interest" (*Liberman v Gelstein, supra,* at 439). O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.