■ EAST POINT COLLISION WORKS, INC., Appellant, v LIBERTY MUTUAL INSURANCE COMPANY et al., Respondents. [706 NYS2d 700] —In an action, *inter alia*, to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated June 11, 1999, which granted the defendants' motion for summary judgment dismissing the first cause of action alleging defamation.

Ordered that the order is affirmed, with costs.

On or about June 29, 1996, a vehicle owned by Mary Ann Jonassen was struck by a vehicle owned by Jerry and Shirley Castaldo and insured by the defendant Liberty Mutual Insurance Company (hereinafter Liberty). Jonassen brought her vehicle to the plaintiff, East Point Collision Works, Inc. (hereinafter East Point), for repair. After Liberty sent a check to East Point in the amount of $3,002.82 to repair the damage, the Castaldos came to Liberty's office to deposit some paper work and were surprised by the amount of the claim. They contended that the damage to Jonassen's vehicle was minimal.

Liberty stopped payment on the check and referred the matter to its special investigations unit. The defendant Joseph Falcone was assigned the case and interviewed Jonassen. During the interview, Falcone allegedly stated that Liberty was having problems with East Point, and that East Point could have done additional damage to Jonassen's car after the accident to increase the amount of the claim. Falcone allegedly asked Jonassen if she was splitting the settlement check with East Point.

East Point then brought this action against Liberty and Falcone, *inter alia*, to recover damages as a result of the allegedly defamatory statements made by Falcone to Jonassen. Liberty and Falcone moved to dismiss the first cause of action alleging defamation. The Supreme Court granted the motion, holding that the statements made by Falcone constituted expressions of opinions or questions rather than factual assertions. The court also held that Falcone's statements were entitled to a qualified privilege because they were made to a person who had an interest in the subject.

Assuming that Falcone made the statements as alleged by

the plaintiff, they were qualifiedly privileged because they related to a subject in which both Falcone and Jonassen had a common interest, specifically, the extent of the damage actually caused by the accident (*see, Liberman v Gelstein,* 80 NY2d 429; *Paskiewicz v National Assn. for Advancement of Colored People,* 216 AD2d 550; *Present v Avon Prods.,* 253 AD2d 183; *Leary v DiBlasi,* 251 AD2d 550; *Bopp v Institute for Forensic Psychology,* 227 AD2d 363). While the privilege does not apply when the speaker acts with malice, there is nothing in this record to support a finding that Falcone was acting with malice (*see, Liberman v Gelstein, supra; Leary v DiBlasi, supra*). Ritter, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.