■■■ JAMES SOLOMON, Appellant, v JOHN LARIVEY et al., Respondents. (Appeal No. 1.) [853 NYS2d 770]—

Memorandum: James Solomon, the plaintiff in appeal No. 1 and a defendant in appeal No. 2, pleaded guilty to sexual misconduct (Penal Law § 130.20 [2]), arising out of an incident involving the 15-year-old daughter of the plaintiff in appeal No. 2 (plaintiff). Solomon asserted a "first counterclaim" against plaintiff and her daughter in which he alleged that they each wrote a defamatory letter to Town Court in an effort to influence his sentence. Solomon also commenced an action alleging that the defendants in appeal No. 1, the stepfather of plaintiff's daughter and one of plaintiff's friends, also wrote defamatory letters to Town Court in an effort to influence defendant's sentence. In appeal No. 1, Solomon appeals from an order granting the motion of the stepfather seeking summary judgment dismissing the complaint against him and that part of the motion of plaintiff's friend seeking summary judgment dismissing the complaint against her and, in appeal No. 2, Solomon appeals from an order granting plaintiff's motion seeking summary judgment dismissing "the counterclaim."

With respect to Solomon's complaint and counterclaim, we note the well-established principle that oral or written statements made in the course of a judicial proceeding "are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent" to the litigation (*Sinrod v Stone*, 20 AD3d 560, 561 [2005]; *see Sexter & Warmflash, P.C. v Margrabe*, 38 AD3d 163, 171 [2007]; *Mosesson v Jacob D. Fuchsberg Law Firm*, 257 AD2d 381, 382 [1999], *lv denied* 93 NY2d 808 [1999]).

In determining whether an allegedly defamatory statement is pertinent and material to a judicial proceeding, the court must

accord the statement an " 'extremely liberal' " construction (*Dworkin v State of New York*, 34 AD3d 1014, 1015 [2006]; *see generally Andrews v Gardiner*, 224 NY 440, 445 [1918]). Here, the statements by plaintiff, plaintiff's daughter, the stepfather, and plaintiff's friend with respect to the impact that the incident had on plaintiff's daughter unquestionably were pertinent and material to the criminal proceeding. Present—Scudder, P.J., Martoche, Smith, Green and Gorski, JJ.