# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**593**

**CA 11-01298**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, AND LINDLEY, JJ.

---

IN THE MATTER OF THE APPLICATION OF WILLIAM
HOGE, PETITIONER-APPELLANT, FOR THE DISSOLUTION
OF SELECT FABRICATORS, INC.;
SELECT FABRICATORS, INC., GARY W. WINCH, AND
DAVID YEARSLEY, RESPONDENTS-RESPONDENTS.

------------------------------------------------- MEMORANDUM AND ORDER

SELECT FABRICATORS, INC., PLAINTIFF,

V

WILLIAM HOGE AND WILLIAM HOGE CONSULTING, INC.,
DEFENDANTS-APPELLANTS.

---

WILLIAM S. ROBY, ROCHESTER, FOR PETITIONER-APPELLANT AND
DEFENDANTS-APPELLANTS.

JASON S. DIPONZIO, ROCHESTER, FOR RESPONDENTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Ontario County
(Kenneth R. Fisher, J.), entered February 3, 2011. The order granted
the motion of respondents for partial summary judgment dismissing
petitioner's "counterclaims."

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Select Fabricators, Inc. (SFI) commenced an action
against William Hoge and William Hoge Consulting, Inc. (WHC) seeking,
inter alia, damages for misconduct pursuant to Business Corporation
Law § 720 and unjust enrichment. Hoge (hereafter, petitioner), a
shareholder of SFI, thereafter commenced a proceeding pursuant to
Business Corporation Law § 1104-a seeking, inter alia, dissolution of
SFI, a respondent in that proceeding, and asserting what the parties
characterize as "counterclaims" against it and its other shareholders,
respondents Gary W. Winch and David Yearsley. The action and
proceeding were subsequently consolidated. Petitioner and WHC appeal
from an order granting the motion of respondents, i.e., SFI, Winch and
Yearsley, for partial summary judgment dismissing the counterclaims in
the proceeding. We affirm. We note, however, that WHC, which is not
a party to the proceeding, is not a proper appellant (*see* CPLR 5511).

Petitioner's contention that Supreme Court erred in granting
respondents' motion because issue had not been joined at the time it
was made pursuant to CPLR 3212 (a), or because respondents failed to

submit the requisite supporting proof pursuant to CPLR 3212 (b) is raised for the first time on appeal and thus is not properly before us (*see e.g. Chapman v Pyramid Co. of Buffalo*, 63 AD3d 1623, 1624; *Blazynski v A. Gareleck & Sons, Inc.*, 48 AD3d 1168, 1169, *lv dismissed in part and denied in part* 11 NY3d 825).  To the extent that petitioner advanced that contention in support of his motion for leave to reargue his opposition to the prior motion of respondents, we note that "[r]eargument does not provide a party an opportunity to advance arguments different from those tendered on the original application" (*Garland v RLI Ins. Co.*, 79 AD3d 1576, 1577 [internal quotation marks omitted], *lv dismissed* 17 NY3d 774, 18 NY3d 877).  Petitioner's further contention that the court erred in granting that part of the motion for partial summary judgment dismissing the counterclaim for "Unfair Competition - Customer Lists" is raised for the first time in his reply brief, and thus it also is not properly before us (*see Pieri v B&B Welch Assoc.*, 74 AD3d 1727, 1730).

In addition, petitioner contends that the court erred in denying his request to "replead" in the event that the court awarded respondents partial summary judgment (*see generally* CPLR 3025 [a], [b]).  We are unable to review that contention, however, inasmuch as the record contains no evidence concerning the timing, nature or substance of that request, and "a party alleging error must present an adequate record for appellate review" (*de Vries v Metropolitan Tr. Auth.*, 11 AD3d 312, 312-313).

We conclude that the court properly granted that part of respondents' motion seeking partial summary judgment dismissing the counterclaim for "Defamation - Abuse of Process."  "[O]ral or written statements made in the course of a judicial proceeding are absolutely privileged, notwithstanding the motive with which they are made, so long as they are material and pertinent to the litigation . . . In determining whether an allegedly defamatory statement is pertinent and material to a judicial proceeding, the court must accord the statement an extremely liberal construction" (*Solomon v Larivey*, 49 AD3d 1274, 1275-1276 [internal quotation marks omitted]).  Here, the allegedly defamatory statements were pertinent and material to the action (*see id.* at 1275), and they were made " 'in good faith and without malice' " (*Lacher v Engel*, 33 AD3d 10, 13).

Contrary to petitioner's further contention, the court properly granted that part of respondents' motion for partial summary judgment dismissing the counterclaim for "Defamation - Libel" inasmuch as the statements at issue with respect thereto are protected by a qualified privilege.  "A qualified privilege arises when a person makes a good[ ]faith, bona fide communication upon a subject in which he or she has an interest, or a legal, moral or societal interest to speak, and the communication is made to a person with a corresponding interest" (*Cusimano v United Health Servs. Hosps., Inc.*, 91 AD3d 1149, 1150 [internal quotation marks omitted]; *see Liberman v Gelstein*, 80 NY2d 429, 437; *Mancuso v Allergy Assoc. of Rochester*, 70 AD3d 1499, 1500).  Here, respondents established that Yearsley's statements on behalf of SFI regarding purchases made by petitioner using SFI's credit card were of mutual interest to SFI and the company to which

those statements were made (*see East Point Collision Works v Liberty Mut. Ins. Co.*, 271 AD2d 471, 471-472; *Present v Avon Prods.*, 253 AD2d 183, 187-188, *lv dismissed* 93 NY2d 1032; *see also Anas v Brown*, 269 AD2d 761, 763).  Petitioner failed to defeat the defense of qualified privilege by demonstrating that Yearsley made the statements in question with malice (*see generally Liberman*, 80 NY2d at 437-439; *Kondo-Dresser v Buffalo Pub. Schools*, 17 AD3d 1114, 1115).

We further conclude that the court properly granted that part of respondents' motion for partial summary judgment dismissing the counterclaim for "Conspiracy" because " 'New York does not recognize civil conspiracy to commit a tort as an independent cause of action' " (*Thyroff v Nationwide Mut. Ins. Co.*, 57 AD3d 1433, 1435, *appeal dismissed* 12 NY3d 911, *lv denied* 13 NY3d 710).  Finally, we have reviewed petitioner's remaining contention and conclude that it is without merit.

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court