Hoops v Sinram (2020 NY Slip Op 01910)





Hoops v Sinram


2020 NY Slip Op 01910


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-03003
 (Index No. 14574/14)

[*1]Carl Hoops, appellant, 
v
William J. Sinram, et al., respondents, et al., defendants.


Paul L. Dashefsky, Smithtown, NY, for appellant.
Edward G. McCabe, Melville, NY, for respondents.



DECISION & ORDER
In an action to recover damages for defamation and prima facie tort, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated January 6, 2017. The order granted the motion of the defendants William J. Sinram, Richard Meyer, Anton Augustin, Edward Zadigan, Peter Guerne, Keith Saboe, Harold Greslin, Vincent Farinella, Robert Boltrek, Mike Olson, Joe Battachiari, and Edwin Naranjo for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff alleges that the defendants, who are his coworkers, made false written statements to their employer accusing the plaintiff of making verbal threats of violence while at work. The plaintiff commenced this action to recover damages for defamation and prima facie tort. The defendants William J. Sinram, Richard Meyer, Anton Augustin, Edward Zadigan, Peter Guerne, Keith Saboe, Harold Greslin, Vincent Farinella, Robert Boltrek, Mike Olson, Joe Battachiari, and Edwin Naranjo (hereinafter collectively the moving defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed the motion. The Supreme Court granted the motion. The plaintiff appeals.
As a threshold matter, we disagree with the Supreme Court's determination that the alleged defamatory statements in this case had not been published, since the undisputed record evidence substantiates the plaintiff's allegation that the statements in question were submitted to, and read by, the plaintiff's employer (see Fedrizzi v Washingtonville Cent. School Dist., 204 AD2d 267, 268).
Nevertheless, we agree with the Supreme Court's determination granting that branch of the moving defendants' motion which was for summary judgment dismissing the cause of action alleging defamation insofar as asserted against them. Even assuming that the alleged defamatory statements were libelous per se (see Gjonlejak v Sot, 308 AD2d 471, 473-474), we agree with the court's determination that the statements were protected by a qualified privilege based on the moving defendants' common interest in maintaining the safety of their shared workplace (see Liberman v Gelstein, 80 NY2d 429, 437; Loughry v Lincoln First Bank, 67 NY2d 369, 376). In opposition, the [*2]plaintiff failed to raise a triable issue of fact as to whether the statements attributing the violent threats to him were made with malice so as to defeat the privilege (see Foster v Churchill, 87 NY2d 744, 751; Liberman v Gelstein, 80 NY2d at 439; New York Horse Rescue Corp. v Suffolk County Socy. for the Prevention of Cruelty to Animals, 164 AD3d 909, 911; East Point Collision Works v Liberty Mut. Ins. Co., 271 AD2d 471, 472).
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., CHAMBERS, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court